THE LEHIGH VALLEY TRANSPORTATION COMPANY

*v.*

THE POST SUGAR COMPANY.

*Opinion filed June 19, 1907.*

1. PLEADING—*the objection of variance must be raised in trial court.*  As a condition precedent to raising the question of variance upon appeal, the objection must have been made in the trial court and the variance particularly pointed out, so as to enable the trial judge to pass upon the objection understandingly and to enable the plaintiff to obviate the objection by amendment.

2. SAME—*when a motion to exclude evidence does not particularly point out variance.*  In an action against two common carriers for damages for the loss of a shipment of goods, a motion to exclude all evidence in the record touching the delivery of the goods in controversy, upon the ground of variance between such evidence and the declaration, does not specifically present the objection that the declaration alleged a joint contract of the defendants, whereas the evidence showed there was no joint contract.

3. CARRIERS—*provision of bill of lading construed.*  A provision in a bill of lading exempting the first carrier from liability for loss occurring "after said property is ready for delivery to the next carrier or consignee," contemplates that the first carrier shall have made all arrangements necessary to transfer possession of the goods to the next carrier before the goods can be regarded as "ready for delivery."

4. SAME—*when first carrier must prepay connecting carrier's charges.*  Where a transportation company agrees to transport goods at a specified rate from the shipping point to the point of destination, which is on a connecting line, if the connecting line refuses to accept the goods without prepayment of its charges it is the duty of the transportation company to prepay such charges before the goods can be said to be "ready for delivery" to the connecting line.

5. PRACTICE—*right of the court to render judgment against the non-resident defendant.*  Where a resident of a county is made a defendant in good faith and under a reasonable belief that a cause of action exists against him, and a resident of another county is served with process under section 2 of the Practice act and appears and defends, the court has jurisdiction to render judgment against such non-resident defendant, even though the court directs a verdict in favor of the resident defendant.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. T. N. GREEN, Judge, presiding.

On August 13, 1903, appellee, Post Sugar Company, a limited partnership doing business at Peoria Heights, Illinois, ordered from H. O. Wilbur & Sons, of Philadelphia, Pa., 5000 pounds of chocolate at twenty-one and one-half cents per pound, f. o. b. cars Philadelphia, to be shipped to Peoria Heights via lines of Chicago, Rock Island and Pacific Railway Company, hereinafter referred to as the Rock Island company. Peoria Heights is about five miles from the city of Peoria and is on a branch line of the company just mentioned. That company has no agent at Peoria Heights, and requires the prepayment of freight billed to that station unless special arrangements for the payment of freight are made with the company by the consignee at some other station. Peoria Heights is therefore known as a prepay station. The Rock Island company has a line of railroad extending from Peoria to Chicago. It does not own or operate any railroad running into Philadelphia or any other place east of Chicago.

Appellant, Lehigh Valley Transportation Company, is a steamboat company, operating a line of boats between Buffalo, N. Y., and Chicago. The Lehigh Valley Railroad Company operates a railroad from Jersey City, N. J., to Buffalo, but does not enter Philadelphia. Goods shipped from Philadelphia to Chicago, or points west thereof, under contracts with the Lehigh Valley Transportation Company, are carried by the Philadelphia and Reading Railway Company to Bethlehem, Pa., and there transferred to the Lehigh Valley Railroad Company, which conveys them to Buffalo, where they are turned over to appellant and carried by boat to Chicago. One George W. Mitchell was in August, 1903, the soliciting freight agent of appellant and the Lehigh Valley Railroad Company at Philadelphia.

Upon receipt of the order from appellee, Wilbur & Sons prepared the chocolate in question for shipment, and on August 17, 1903, delivered it, in boxes, at the freight depot of the Philadelphia and Reading Railway Company, taking a receipt for the goods from the latter company. This receipt was then sent by Wilbur & Sons to Mitchell, who issued in lieu thereof a bill of lading for the chocolate. The heading of this bill of lading is as follows:

"Lehigh Valley Transportation Company.
Rail and Lake.
Via Philadelphia and Reading Railway Company.
For rates and other information apply to the office of Lehigh Valley Transportation Company, 716 Chestnut Street.
W. P. HENRY, *Manager*, Buffalo, N. Y.
GEO. W. MITCHELL, *Agent*, Philadelphia."

The bill of lading, on its face, acknowledged the receipt from H. O. Wilbur & Sons, on August 17, 1903, of fifty cases of chocolate, weighing 5500 pounds, consigned to the Post Sugar Company, at Peoria Heights, Ill., which property "said company agrees to carry to said destination, if on its road, otherwise to deliver to another carrier on the route to said destination." It was also therein provided that in consideration of the rate of freight therein named every service to be performed by any carrier under the bill of lading should be "subject to all the conditions, whether printed or written, herein contained, (see conditions on back hereof,) and which are agreed to by the shipper and accepted for himself and his assigns as just and reasonable." The rate of freight named in the bill of lading was fifty-eight cents per one hundred pounds. Wilbur & Sons sent this bill of lading to appellee, at Peoria Heights, where it was received on August 20, 1903. They also sent a bill for the merchandise to appellee, amounting to $1075, which appellee paid.

The chocolate arrived at Chicago on one of appellant's boats August 21, 1903. It was immediately taken by ap-

pellant's drayman to the freight depot of the Rock Island company, where it was unloaded. The Rock Island company refused to receive it for carriage without the prepayment of the freight from Chicago to Peoria Heights. The receiving clerk at the freight depot of the Rock Island company so notified appellant's drayman when the goods were unloaded at that depot, and appellant was soon thereafter again notified by telephone to the same effect. Appellant requested the Chicago agent of the Rock Island company to take the matter up with the Peoria agent and see if he could not collect the freight from appellee. Appellee was not notified of any of these negotiations.

On August 26, 1903, a fire occurred at the Chicago freight depot of the Rock Island company and the chocolate was damaged by the water used in extinguishing the fire. On or about September 4, 1903, Hiller, a freight agent of the Rock Island company at Chicago, telephoned appellant's agent that the Peoria agent of the Rock Island company would collect the freight on the shipment of chocolate from appellee. Before this conversation was completed, or immediately thereafter, another freight agent of the Rock Island company telephoned appellant's agent that there had been a fire at the freight depot of the Rock Island company and that the chocolate had been damaged; that Hiller was not aware of this fact when he telephoned that the Peoria agent would collect the freight, and that the Rock Island company, under the circumstances, could not forward the chocolate. Appellee, during negotiations which followed, expressed a willingness to accept the chocolate in its damaged condition for what it was then worth, which the evidence shows was about ten per cent less than before the fire. The chocolate, however, was not forwarded to appellee but was entirely lost, so far as appellee was concerned. What disposition was finally made of it does not appear from this record, except it is clear that the appellee never received it. Both appellant and the Rock Island company refused to pay

appellee for the loss of the chocolate.  Each denied any liability on its part and each asserted that the liability rested upon the other.  Appellee thereupon brought an action of case against both to the September term, 1904, of the circuit court of Peoria county.  The Rock Island company was served with process of summons in Peoria county.  Appellant had no agent in Peoria county, and an *alias* summons was issued against it to the sheriff of Cook county, where service was had upon one of its agents.

A declaration, consisting of two counts, was filed.  It is only necessary to notice the second count, as amended.  That count alleged that appellant and the Rock Island company, the defendants, were on August 17, 1903, possessed of, using and operating transportation lines running into the city of Chicago and were engaged in the business of common carriers of goods and chattels thereon, for hire, from the city of Philadelphia to Peoria Heights; that on said date the Post Sugar Company, the plaintiff, caused to be delivered to defendants, and defendants received of the plaintiff, 5500 pounds of Eureka chocolate of the value of $1075, to be safely and securely carried by defendants from Philadelphia to Peoria Heights and at the last named place to be safely and securely delivered to the plaintiff, for a certain reward to the defendants in that behalf; that the defendants did not safely and securely carry the said merchandise from Philadelphia to Peoria Heights and at the last named place safely and securely deliver the same to plaintiff, but, on the contrary, by the negligence of the defendants and their servants in their behalf the said merchandise afterwards, in the city of Chicago, became and was wholly lost to the plaintiff.

The defendants filed separate pleas of not guilty, upon which issue was joined.  Trial was by jury.  At the close of the plaintiff's case in chief, the Rock Island company moved the court to direct a verdict in its favor.  This motion was allowed, and the jury, as to that defendant, under the instruction of the court, then returned a verdict of not guilty.

Thereupon appellant filed its motion for leave to withdraw its pleas in bar and to file a plea to the jurisdiction of the court. This motion was denied. Appellant then moved the court to direct a verdict in its favor, which motion was over-ruled. This motion was renewed at the close of all the evidence and was again denied. The jury returned a verdict against appellant for $1195.94. Appellant moved for a new trial as to it. Appellee filed a motion for a new trial as to the Rock Island company. Both motions were overruled, and judgment was thereupon rendered upon the verdicts in favor of the Rock Island company and against appellant. Appellant appealed to the Appellate Court for the Second District. That court required a *remittitur* of $119.59 from the judgment, holding that under one of the provisions on the back of the bill of lading appellant was not liable for the loss occasioned by the damage to the chocolate from the water used in extinguishing the fire at the Rock Island freight depot, which loss the Appellate Court found was ten per cent of the value of the chocolate, as testified to by the witnesses upon the trial. Appellee remitted $119.59 of the judgment rendered by the circuit court, and the Appellate Court then affirmed the judgment. Appellant prosecutes a further appeal to this court.

ULLMANN & HACKER, and PAGE & WEAD, for appellant:

A variance between the proof and the allegations of a declaration, which are intended to set forth the contract out of which the duty arises, is material and fatal to recovery. *Railway Co.* v. *Spurney,* 197 Ill. 477; *Railway Co.* v. *Friedman,* 146 id. 583; 22 Ency. of Pl. & Pr. 567.

A carrier is not bound to assume responsibility beyond its own line. *Railroad Co.* v. *Jonte,* 13 Ill. App. 424; *Railroad Co.* v. *Wilcox,* 84 Ill. 239.

A carrier may limit its liability beyond its terminus by an express contract. *Railroad Co.* v. *Simon,* 160 Ill. 648;

*Railroad Co.* v. *Jaggerman,* 115 id. 407; *Railroad Co.* v. *Wilcox,* 84 id. 239; *Field* v. *Railroad Co.* 71 id. 458; *Railroad Co.* v. *Montfort,* 60 id. 175; *Railroad Co.* v. *Church,* 12 Ill. App. 17.

The contract of the shipper is with the carrier in whose custody the goods are placed, and if a shipper takes a receipt for his goods with full knowledge of its terms, then it becomes his contract as fully as if he had signed it. *Express Co.* v. *Haynes,* 42 Ill. 89; *Railroad Co.* v. *Frankenberg,* 54 id. 98.

A contract of shipment is governed and is to be interpreted by the law of the State where made. *Transportation Co.* v. *Furthmann,* 47 Ill. App. 563; 149 Ill. 66; *Railroad Co.* v. *Boyd,* 91 id. 268.

Where merchandise is received for shipment marked for a destination the law raises certain presumptions and places on the carrier those duties and responsibilities fixed by the common law; but where there are contained in the receipt and the bill of lading conditions and limitations of which the shipper has notice, that makes a special agreement which takes the case out of the law of common carriers, and the carrier's duty is fixed and limited by the special agreement. *Railroad Co.* v. *Baldauf,* 16 Pa. St. 67; *Verner* v. *Sweitzer,* 32 id. 208; *Railroad Co.* v. *Schwarzenberger,* 45 id. 208; *Farnham* v. *Railroad Co.* 55 id. 54; *Railroad Co.* v. *Mitchell,* 68 Ill. 471; *Express Co.* v. *Haynes,* 42 id. 89.

A non-resident defendant has a right to plead to the jurisdiction after the dismissal of the case against the resident defendant. *Hobson* v. *Tritt,* 69 Ill. App. 215; *Sandusky* v. *Sidwell,* 173 Ill. 493.

Sheen & Miller, for appellee:

In an action for tort it is not necessary that every allegation of matters of substance shall be strictly proven, and if the averment of negligence is divisible, the plaintiff may

prove part of his charge without violating the rule as to variance. *Joliet* v. *Johnson,* 177 Ill. 178.

Where freight is to be shipped over several lines of railroad, the first and each succeeding carrier becomes the agent of the owner of the goods to make delivery to the next carrier, and it must do so to avoid liability. *Railroad Co.* v. *Foulks,* 191 Ill. 57.

Courts may enter judgment against one defendant and in favor of another defendant in actions of tort. *Railroad Co.* v. *Foulks,* 191 Ill. 57.

Where a carrier receives goods for transportation over his line and then to be delivered to another for like transportation, he cannot relieve himself of the common law liability of insurer until he has actually delivered them to the next carrier in the line. If the next carrier is not ready to receive them and he stores them in a warehouse, the goods will still be considered in transit and his liability will not be changed to that of warehouseman. *Railroad Co.* v. *Mitchell,* 68 Ill. 471; *Porter* v. *Railway Co.* 20 id. 407.

A contract by which a carrier guarantees a through rate of freight and undertakes to transport the goods "to destination if on its road, or otherwise to the place on its road where the same is to be delivered to any connecting carrier," is a through freight contract, and the receiving carrier is liable beyond its terminus where the goods were carried through in the same car. *Railway Co.* v. *Machine Co.* 200 Ill. 636.

Mr. JUSTICE SCOTT delivered the opinion of the court:

*First*—Appellant urges that there was a fatal variance between the declaration and the proof, in that the declaration counts upon a joint contract and joint liability on the part of appellant and the Rock Island company to carry the chocolate from Philadelphia to Peoria Heights, while the evidence shows that there was no joint contract, and that the contract of appellant was to carry to destination, if on

its road, otherwise to deliver to another carrier on the route to said destination.

Conceding that a variance between the proof and the allegations of a declaration which are intended to set forth the contract out of which the duty arises is material and fatal to recovery, as contended by appellant upon the authority of *Wabash Western Railway Co.* v. *Friedman,* 146 Ill. 583, still, as a condition precedent to raising the question of such variance upon appeal, the objection must have been made in the trial court and the variance particularly pointed out, so as to enable the trial judge to pass upon it understandingly, and to enable the plaintiff, if necessary, to obviate the objection by an amendment to the declaration. (*Libby, McNeill & Libby* v. *Scherman,* 146 Ill. 540; *Alton Railway, Gas and Electric Co.* v. *Webb,* 219 id. 563.) At the close of the evidence for appellee in the circuit court appellant moved "to exclude all evidence in the record touching the delivery of the goods in controversy, both in Philadelphia and Buffalo and in Chicago, on the grounds of a variance between such evidence and the declaration in the case." This motion cannot be considered as specifically presenting the objection that the contract set up in the declaration, being a joint contract of the two defendants, is not the same as that established by the proof, which is a contract made by appellant to which the Rock Island company was not a party. The variance suggested by the motion existed only as to the first count, which alleged that appellant delivered the chocolate to the Rock Island company at Chicago, while the evidence showed that no such delivery was made. All the evidence concerning the delivery of the chocolate to appellant's agent, the Philadelphia and Reading Railway Company, at Philadelphia and to appellant at Buffalo, and the failure of appellant to deliver it to the Rock Island company at Chicago, whereby it was lost to appellee, was admissible under, and was not at variance with, the allegations of the second count, as amended, and appellant's

228—9

motion to exclude that evidence was therefore properly denied.

*Second*—One of the conditions on the back of the bill of lading was: "No carrier shall be liable for loss or damage not occurring on its own road or its portion of the through route, nor after said property is ready for delivery to the next carrier or consignee." It was shown, by evidence, that Wilbur & Sons had actual knowledge of the provisions on the back of the bill of lading, and that the law of the State of Pennsylvania permits a common carrier to limit its common law liability by provisions inserted in the bill of lading with the knowledge of the shipper, except as to loss occurring from the willfulness or negligence of the carrier.

Appellant contends that the loss or damage to the chocolate occurred after said property was ready for delivery to the Rock Island company, the next carrier, and that under the provisions of the contract of carriage it is therefore not liable. The clause above quoted must be read in connection with the other provisions of the contract. Appellant, by a provision on the face of the bill of lading, agreed to carry the chocolate to Peoria Heights, if on its road, "otherwise to deliver to another carrier on its route to said destination." When the provision that appellant shall not be liable for loss or damage occurring after the property is ready for delivery to the next carrier is read in connection with appellant's promise to deliver the property to such other carrier, it becomes evident that under this bill of lading the property would not be "ready for delivery" until appellant had performed all acts and made all arrangements necessary for transferring possession of the chocolate from itself to the connecting carrier. There would be but an instant between the time when the property was "ready for delivery" and the time when the property was delivered. For all practical purposes the property would be delivered when it was "ready for delivery." Appellant has not at any time had this property ready for delivery, within the meaning of the provisions

of the bill of lading. It failed to make the necessary arrangements with the Rock Island company for the acceptance of the chocolate for carriage by that company. It failed and refused to prepay the freight demanded by the Rock Island company, and therefore did not have the property ready for delivery to the latter company. The condition on the back of the bill of lading does not relieve the appellant of liability, because it did not bring itself within the terms of that condition.

Appellant contends, however, that it was not required to pay the freight demanded by the Rock Island company because appellee had not advanced to appellant any money with which to satisfy that demand. We regard this position as untenable. The uncontradicted evidence in this record is to the effect that when the rule of the connecting carrier requires the payment of freight in advance, (as was the rule of the Rock Island company when goods were billed to prepay stations,) the custom is for the delivering carrier to pay it. Moreover, the appellant had contracted to transport the chocolate from Philadelphia to Peoria Heights for fifty-eight cents per hundred pounds. Appellee's obligation was to pay appellant that amount—not to pay to each connecting carrier its respective charges for carrying the goods. Appellant had the right to demand the prepayment of all the freight due under the bill of lading. It did not see fit to exercise that right, but undertook to transport the chocolate from Philadelphia to Peoria Heights without demanding the prepayment of the freight contracted for. Its duty, however, in regard to making delivery to the connecting carrier and of paying the freight demanded by the connecting carrier was the same as though the fifty-eight cents per hundred pounds had been paid to appellant before the chocolate left Philadelphia. *Indianapolis and St. Louis Railroad Co.* v. *Herndon,* 81 Ill. 143.

*Third*—Appellant, in its brief and argument filed herein, says that one of the conditions or provisions on the back of

the bill of lading required all claims for loss or damage to be made in writing within thirty days after due time for the delivery of the property and that in default of such claim being so made the carrier should not be liable, and contends that appellee did not present its claim within the time or in the manner specified by this provision and that appellant is therefore relieved from liability. If any such provision is among those on the back of the bill of lading it does not so appear from the abstract furnished in this cause. The alleged error based on such provision will therefore not be considered. Rule 14 of the Rules of Practice of this court; *Scott* v. *Carroll,* 220 Ill. 198.

*Fourth*—It is urged that the court erred in refusing appellant's motion for leave to withdraw its plea in bar and plead to the jurisdiction of the court. The appellant was brought in as a defendant to this suit under section 2 of the Practice act, which authorizes the plaintiff to commence his action against two or more defendants in the county where either defendant resides, and to have his writ or writs issued directed to any county or counties in the State where the other defendants, or either of them, may be found. This section contains the proviso that "if a verdict shall not be found, or judgment rendered, against the defendant or defendants resident in the county where the action is commenced, judgment shall not be rendered against those defendants who do not reside in the county, unless they appear and defend the action." Appellant contends that by reason of this proviso the court was without jurisdiction to render judgment against it.

While a plaintiff will not be permitted to avail himself of the provisions of this statute by making a resident of a county a defendant to a suit for the mere purpose of conferring apparent jurisdiction upon the courts of that county over persons found in other counties, yet where, as here, the resident is made a defendant in good faith and under a reasonable belief that a cause of action exists against him,

and the non-resident defendants appear and defend the action, under the plain provisions of the statute the court in which the suit is pending has jurisdiction to render judgment against the non-resident defendants, even though the court directs a verdict in favor of the resident defendant. Appellant, in its correspondence with appellee, at all times insisted that the Rock Island company was liable to appellee for the loss of the chocolate. Appellant is therefore not in a position to urge that the Rock Island company was not made a party to the suit in good faith, or that it was made a party for any other purpose than that of recovering a judgment against it, under a reasonable belief that appellee had a right of action against it. It follows that the circuit court did not err in refusing appellant's motion for leave to withdraw its plea in bar and to plead to the jurisdiction of the court.

*Fifth*—Complaint is made of the action of the court in giving, refusing and modifying instructions. What has already been said in this opinion disposes of most of these alleged errors. Other errors in this regard were cured by the *remittitur* entered by appellee in the Appellate Court. Some of appellee's instructions are technically wrong, but the errors contained therein could not have affected the verdict. Under the undisputed evidence in this case appellee was clearly entitled to recover from appellant, and it would not promote the ends of justice to reverse this case for a new trial on account of the technical errors in instructions.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE FARMER took no part in the decision of this case.