CHARLES H. WILLIAMS, Defendant in Error, *vs.* IRA MORRIS *et al.* Plaintiffs in Error.

*Opinion filed December 15, 1908.*

1. PRACTICE—*when judgment may be rendered against a non-resident defendant.* Under section 2 of the old Practice act and its proviso, where a non-resident of the county is made co-defendant in an action for damages with residents of the county, in good faith and in the belief that the plaintiff has a cause of action against the resident defendants, if the non-resident appears and defends the action judgment may be rendered against him notwithstanding he was not served with process in the county where suit was brought, and that a verdict was returned in favor of one resident defendant and the cause dismissed as to the other resident on motion for new trial.

2. MASTER AND SERVANT—*when servant does not assume risk of changing conditions of building being repaired.* A common laborer engaged in removing debris and meat from the cooling room,

the floor and walls of which are being repaired by other workmen so that they would support the ice chamber and its contents, who has no knowledge of the conditions of the ice chamber or the manner in which the repairs, with which he had nothing to do, were being made, does not, as a matter of law, assume the risk of being injured in consequence of the changing conditions of the building. (*American Car and Foundry Co.* v. *Hill,* 226 Ill. 227, followed.)

3. EVIDENCE—*when admission of opinion evidence will not reverse.* In an action for an injury to a laborer caused by the falling of an ice chamber and its contents into the cooling room, from which the laborer was engaged in removing debris made by other workmen engaged in attempting to repair the floor of the cooling room and the supports of the ice chamber, the admission of opinion evidence that the manner in which the defendant's foreman was attempting to raise the floor was negligent and unsafe is not reversible error. (*Yarber* v. *Chicago and Alton Railway Co.* 235 Ill. 589, distinguished.)

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macon county; the Hon. WILLIAM C. JOHNS, Judge, presiding.

This was an action on the case commenced in the circuit court of Macon county by the defendant in error to recover damages for a personal injury. The action was commenced against Morris & Co., a corporation, (hereinafter called the corporation,) Nelson Morris, Ira Morris and Edward Morris, partners doing business under the firm name of Nelson Morris & Co., (hereinafter called the partnership,) and one Hal W. Pyburn, the local manager of the partnership. The case was tried upon an amended declaration, which contained six counts, to which declaration the corporation and the partnership filed a joint and Pyburn a several plea of not guilty, and upon a trial the jury returned a verdict of not guilty as to Pyburn and a verdict in favor of the defendant in error for the sum of $2500 against the corporation and the partnership. Motions for a new trial were made by the corporation and the partnership, whereupon the defendant in error dismissed as to the

corporation, and thereupon the court overruled the motion for a new trial as to the partnership and rendered judgment upon the verdict in favor of defendant in error, from which judgment an appeal was prosecuted to the Appellate Court for the Third District by the partnership, where the judgment of the circuit court was affirmed, and Nelson Morris having died, Ira Morris and Edward Morris, as surviving partners, have sued out a writ of error from this court to review the judgment of the Appellate Court.

The evidence introduced by the defendant in error fairly tended to prove that the partnership was engaged in the wholesale meat business in a portion of a building in Decatur which the partnership had built upon ground leased by it from one Thatcher; that the building was twenty-eight feet wide and one hundred and fifty feet long, the front eighty feet of the building being occupied by the partnership and the rear seventy feet of the building by the corporation, which was engaged in the poultry business. The building was two stories high, the center portion of the first story of which was used by the corporation and the partnership as cooling rooms, and immediately above the cooling rooms was situated an ice chamber, which had stored therein about one hundred tons of ice. The floor beneath the ice chamber had settled and the water from the melting ice had run into the lower story and caused the floor and walls to decay. The partnership was engaged in making repairs beneath the ice chamber, the work being carried on under the direction of one Ferguson, who was the vice-principal of the partnership. The defendant in error was a common laborer and had been in the employ of the corporation for some time. On the morning of the accident he was directed by his foreman to go to the portion of the building occupied by the partnership and assist in the work going on in the first story of the part of the building occupied by the partnership, it being understood that he would be paid for his work by the partnership. He

was engaged in carrying out from that portion of the building loose boards which the workmen had removed from the floor of the building and in removing meat stored in that part of the building. The floor of the ice chamber was supported by heavy timbers which ran crosswise of the building, the center ends of which rested upon a similar timber situated immediately beneath and running in the same direction as said timbers, the center of which rested upon an upright post which stood upon a timber which was placed upon concrete pillars. The post which acted as a support for said cross-timbers had settled, and the workmen, under the direction of Ferguson, with jack screws were attempting to raise the floor to its original position. This was done by cribbing up from the ground floor, with timbers, for a foot or two and then placing the jacks upon the cribbing beneath posts which extended from the jacks, four in number, up to the timber upon which the center ends of the cross-beams beneath the ice chamber rested. The floor beneath the ice chamber was sufficiently sprung, by turning the jack screws, to raise the weight from the upright post which supported the timbers beneath the ice chamber, which threw all the weight of the ice in the chamber upon the jacks, when they "buckled," and one of them fell over against the upright post which had been released, knocking it out of position, when the ice chamber collapsed and the floor and ice fell, and defendant in error was caught beneath the falling ice and in the debris and severely injured.

LeForgee & Vail, for plaintiffs in error.

John R. Fitzgerald, for defendant in error.

Mr. Justice Hand delivered the opinion of the court:

After the jury returned a verdict in favor of Pyburn and the defendant in error had dismissed as to the corporation, both of whom had been served with process in Macon county, Nelson Morris, Ira Morris and Edward Morris,

237—17

who composed the partnership and all of whom resided in
and had been served with process in Cook county, asked
leave to withdraw their plea of not guilty and that they
be allowed to file a plea in abatement to the jurisdiction
of the court on the ground that they were not residents of
Macon county and had not been served in that county. The
court overruled their motion, and the first reason urged in
this court as a ground of reversal is the action of the trial
court in disposing of said motion.

Section 2 of the Practice act reads, in part, as follows:
"It shall not be lawful for any plaintiff to sue any defend-
ant out of the county where the latter resides or may be
found, except in local actions, and except that in every spe-
cies of personal actions in law where there is more than one
defendant, the plaintiff commencing his action where either
of them resides, may have his writ or writs issued directed
to any county or counties where the other defendant or
either of them may be found: *Provided,* that if a ver-
dict shall not be found or judgment rendered against the
defendant or defendants resident in the county where the
action is commenced judgment shall not be rendered against
those defendants who do not reside in the county, unless
they appear and defend the action." (3 Starr & Curtis'
Stat.—2d ed.—p. 2979.) And the disposition of the ques-
tion here raised involves a consideration of the proviso to
said section, which provides that no judgment shall be ren-
dered against a defendant out of his county who does not
waive his privilege and who is not joined with a resident
defendant against whom a verdict shall be found or judg-
ment rendered, unless he "appears and defends the action."
In this case the partnership did appear and defend the ac-
tion and therefore falls clearly within the terms of the pro-
viso. If it had been made to appear that the members of
the partnership had been joined with its local manager or
with the corporation, who had been served in Macon county,
solely for the purpose of obtaining jurisdiction of the mem-

bers of the partnership in that county, and with the view, after they had appeared and defended to the action, to dismiss as to the local manager and the corporation, the motion should have been allowed. But such does not appear to have been the case.

In *Lehigh Valley Transportation Co.* v. *Post Sugar Co.* 228 Ill. 121, on page 132, it was said: "The appellant was brought in as a defendant to this suit under section 2 of the Practice act, which authorizes the plaintiff to commence his action against two or more defendants in the county where either defendant resides, and to have his writ or writs issued directed to any county or counties in the State where the other defendants, or either of them, may be found. This section contains the proviso that 'if a verdict shall not be found, or judgment rendered, against the defendant or defendants resident in the county where the action is commenced, judgment shall not be rendered against those defendants who do not reside in the county, unless they appear and defend the action.' Appellant contends that by reason of this proviso the court was without jurisdiction to render judgment against it. While a plaintiff will not be permitted to avail himself of the provisions of this statute by making a resident of a county a defendant to a suit for the mere purpose of conferring apparent jurisdiction upon the courts of that county over persons found in other counties, yet where, as here, the resident is made a defendant in good faith and under a reasonable belief that a cause of action exists against him, and the non-resident defendants appear and defend the action, under the plain provisions of the statute the court in which the suit is pending has jurisdiction to render judgment against the non-resident defendants, even though the court directs a verdict in favor of the resident defendant."

The court did not err in declining to allow the members of the partnership to withdraw their plea of not guilty and to plead to the jurisdiction of the court.

It is next urged as a ground of reversal that the court erred in declining to submit to the jury, by the instructions given upon behalf of the plaintiff and by certain instructions which were offered by defendants and refused, the question of assumed risk, as it is urged that as the plaintiff was engaged, with other workmen in the employ of the partnership, in repairing said building, he assumed the risk of being injured in consequence of the changing conditions in said building, and that the accident which caused his injury was an assumed risk, and that he could not rightfully recover for the injury which he sustained by the collapse of said ice chamber.    The evidence, without contradiction, showed that the plaintiff was unfamiliar with the conditions of the ice chamber; that he had nothing to do with the repairs which were being made; that he had no knowledge of the manner in which the floor beneath the ice chamber was being raised, and that he was only acting as a common laborer in removing debris and meat out of the way of the men who were making the repairs, at the time he was injured.    We are of the opinion this case falls within the doctrine announced in the case of *American Car and Foundry Co.* v. *Hill,* 226 Ill. 227, which is very similar, upon its facts, to the case at bar, and that the defendant in error did not assume the risk of being injured by the negligence of the mechanics who were engaged in making the repairs which were being put into the building under the direction of Ferguson, and that he was not a fellow-servant with those men at the time the ice chamber collapsed and that he did not assume the risk of being injured by their negligence,—in other words, that the question of assumed risk was not in the case, and that the court did not err in declining to instruct the jury upon that question. A servant only assumes the usual and ordinary risks of the employment in which he is engaged, and not extraordinary hazards which may arise in the course of his employment from the negligence of the vice-principal of the master and

of which he has no notice, and from which he has no reasonable grounds, from the employment in which he is engaged, to fear danger or an opportunity to protect himself from injury. *City of LaSalle* v. *Kostka,* 190 Ill. 130; *Chicago and Eastern Illinois Railroad Co.* v. *Heerey,* 203 id. 492; *Leighton & Howard Steel Co.* v. *Snell,* 217 id. 152; *Springfield Boiler and Manf. Co.* v. *Parks,* 222 id. 355.

It is finally contended that the court erred in admitting in proof opinion evidence that the manner in which Ferguson attempted to raise the floor beneath the ice chamber was a negligent and unsafe way to raise said floor. At the time the ice chamber collapsed it contained something like one hundred tons of ice. It appeared that the floor beneath the chamber had settled and it was being jacked up into place. It is apparent that it was a difficult undertaking, with the weight of the ice upon the floor, to get the floor back into its original position, and it is apparent, we think, that the proper method of doing said work was not a matter of common knowledge, as clearly only men who were skilled workmen in that line of work could successfully accomplish the undertaking. We think, therefore, the court did not err in admitting proof that the attempt to raise said floor with jacks in the manner in which Ferguson attempted to raise the floor in question, without blocking up the timbers underneath the floor, so that in case the jacks buckled the floors would not fall, was a negligent and careless way of performing said work. In any event, we do not think the admission of the evidence complained of constituted reversible error. (*Gundlach* v. *Schott,* 192 Ill. 509.) In the case of *Yarber* v. *Chicago and Alton Railway Co.* 235 Ill. 589, the undertaking was not like that in the case at bar but was a simple matter which might be readily explained to and understood by the jury.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*