JOHN WILSON, Defendant in Error, *vs.* THE DANVILLE COLLIERIES COAL COMPANY, Plaintiff in Error.

*Opinion filed June 16, 1914—Rehearing denied October 7, 1914.*

1. MINES—*duty of examining the mine and marking dangerous places exists as to timber-men.* The duty of a mine owner to have the mine examined and dangerous conditions marked and reported exists as to timber-men engaged, under general directions of the mine manager, in cleaning up a mine after a shut-down and in making repairs needed to make the mine safe. (*Piazzi* v. *Kerens-Donnewald Coal Co.* 262 Ill. 30, followed.)

2. SAME—*what instruction is properly refused.* An instruction directing a verdict for the defendant mining company if the jury believe, from the evidence, that the injured employee was engaged in timbering the entry under the direction of the defendant's mine manager, is properly refused as misleading, where no attempt is made in such instruction or any other to explain the meaning of the words "under the direction" of the mine manager.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. WILLIAM B. SCHOLFIELD, Judge, presiding.

Charles Troup, (Mastin & Sherlock, of counsel,) for plaintiff in error.

J. Ed. Thomas, and Clark & Hutton, for defendant in error.

Mr. Justice Carter delivered the opinion of the court:

This was an action brought by the defendant in error against the plaintiff in error in the circuit court of Vermilion county to recover damages for injuries sustained while working in a coal mine. The case has been twice tried. On the first trial verdict was rendered in defendant in error's favor for $5000 and judgment entered thereon. On appeal to the Appellate Court this judgment was reversed and the cause remanded. On the second trial the verdict was again in favor of defendant in error for $4450 and judgment entered therefor, which judgment the Appellate Court affirmed. The case has been brought here by petition for *certiorari.*

The declaration contained three counts, the first charging plaintiff in error with willfully violating the statute in permitting defendant in error to enter the mine and work therein, without being under the direction of the mine manager, while there existed in the mine a dangerous condition, consisting of loose rocks in the roof of a certain entry; the second count, that plaintiff in error willfully failed to examine the mine and mark dangerous rock with a conspicuous mark before permitting defendant in error to enter; and the third count, that plaintiff in error did not have its mine manager make a report of said dangerous and loose rock in a book kept for that purpose, before permitting defendant in error to enter the mine.

The accident occurred April 21, 1910. From the 1st to the 19th of that month the mine was not in operation. On the morning of the 19th plaintiff in error began cleaning up, timbering, and generally improving the conditions in

the main east entry of the mine, eight or nine men, including defendant in error, being employed for this purpose.  On the morning of April 19, before permitting the men to enter, James Siddell, manager of the mine and duly licensed as such, entered the mine and examined its condition, directing defendant in error and the other men where to work.  On the morning of the 21st Siddell entered the mine about 6:35 A. M. and made an examination of the east entry, where the men were expected to work that day.  At the point in the entry where defendant in error and a companion had been working the day before Siddell found that one end of a cross-bar had dropped down.  It had been put up by cutting notches in the coal on either side of the entry and then inserting the bar into these notches.  The coal under one end had split off, allowing that end of the bar to drop down.  Siddell did not make any cross-mark on the roof, nor did he make any report of the condition of the roof of the entry at that point in the book kept for that purpose.  He testified that he met defendant in error that morning near the bottom of the mine and told him about the bar dropping down and instructed him and one Henry to replace it.  Defendant in error denied meeting him or being so instructed on that morning.  The mine manager's testimony on this point was not sustained by Henry.  While they were attempting to put up the bar a portion of the roof at or near the place where they were working broke loose and fell upon defendant in error and Henry, severely and permanently injuring defendant in error, rendering him a cripple for life.  Siddell was nowhere in the vicinity of the accident at the time it occurred.  The evidence shows that the mine manager knew that some of the rock of the roof was loose, and it is conceded that he did not mark this place as dangerous or record the same in the book kept for that purpose.

The principal contention of plaintiff in error is that there can be no recovery on the facts in this case, even

264 — 10

though the place was not marked as dangerous or the record kept in the book, because defendant in error, who, it claims, was an experienced timber-man and engaged in the work of repairing and making the mine safe, was not injured because of the failure to place the danger mark on the rock or make a record thereof. This precise question was passed on by this court in the recent case of *Piazzi v. Kerens-Donnewald Coal Co.* 262 Ill. 30, decided since the petition for *certiorari* was filed in this case. The material facts in that case were substantially like those here. Indeed, they were almost identical. It was there held that the fact that the men are engaged, under the direction of the mine manager, in cleaning up a coal mine after a shutdown of several months, and working under his general directions to make dangerous places safe, does not relieve the mine owner of the duty of having the mine examined by the mine examiner and of marking the dangerous conditions. That ruling must control here. The argument of counsel that the failure to place a conspicuous mark on the roof on the rock that fell and make a report thereof was not the proximate cause of the injury cannot be sustained. Whether the failure of the mine manager to mark the place was such proximate cause is a question of fact for the jury. *Piazzi v. Kerens-Donnewald Coal Co. supra; Waschow v. Kelly Coal Co.* 245 Ill. 516; *Kellyville Coal Co. v. Strine,* 217 id. 516.

Counsel for plaintiff in error further argue that the trial court erred in refusing to give instructions 9 and 10 asked for by them. These instructions, in effect, told the jury that even if they believed the plaintiff in error had willfully failed to have the entry in question examined and marked as required by the statute, still, if they believed, from the evidence, that defendant in error was at the time he was injured working under the direction of the mine manager in timbering the entry, then there could be no

recovery under certain counts. In view of what has already been said these instructions were properly refused.

It is further contended that the trial court erred in refusing plaintiff in error's instruction 11, which reads:

"The court instructs the jury that if you believe, from the evidence in this case, that the plaintiff was engaged in timbering the entry in question at the place where he was injured, under the direction of defendant's mine manager, then you should find in favor of the defendant as to the first count of the declaration."

In a sense every man working in a mine is under the direction of its mine manager. This instruction did not in any way attempt to make clear what should be understood from the words "under the direction of defendant's mine manager," and no other instruction was offered that attempted to explain their meaning. Such an instruction, on this record, would be as liable to mislead the jury as the one on this question held erroneous in *Kellyville Coal Co.* v. *Bruzas,* 223 Ill. 595. The argument of counsel that this instruction was proper because it was in the language of section 18 of the Mining act of 1899, in force at the time this accident occurred, cannot be sustained. The instruction, even in substance, is not in the language of said section, and only attempts to state one clause of the statute, without its connection. Then, too, even if the first part had been substantially the language of the statute, the instruction closed by directing a verdict. In the case of *Kellyville Coal Co.* v. *Strine, supra,* and *Mertens* v. *Southern Coal Co.* 235 Ill. 540, the instructions which were held proper were couched in almost the exact language of the statute, setting out substantially all of said section 18 of the Mines act, and did not attempt to direct a verdict. The court did not err in refusing this instruction.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*