## Frank Shomidie, Appellee, v. W. A. Brewerton, Appellant.

1. COURTS—*right of nonresident of county joined with residents to object to jurisdiction after judgment.* In an action for personal injuries received by a plaintiff as a laborer in a mine where he, in good faith, joined the bosses and inspector of the mine with the owner who was not a resident of the county but was served with process in the county of his residence and filed a plea of not guilty and submitted his case to the jury on the facts, such owner was not in a position, although the jury found the other defendants not guilty, to raise a question going alone to the jurisdiction of the court over him.

2. JUDGMENT—*right to enter against nonresident of county where verdict rendered for resident coparties.* The provision of section 2 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 6) that judgment shall not be rendered against those defendants who do not reside in the county unless they appear and defend the action, "nor then if the action is dismissed as to the defendant or defendants resident in the county," was not intended to apply to cases where suit is brought in good faith against resident defendants, with a reasonable show of recovery, and such defendants are not dismissed from the case but are relieved from liability by the verdict of the jury on a trial of fact.

3. MASTER AND SERVANT—*duty as to protection of mine laborer while engaged in fitting mine for operation.* In an action for personal injuries received by a laborer in a mine while he was engaged in putting the mine in a condition for operation, a verdict and judgment for plaintiff were warranted where it was admitted that the place in which plaintiff was working was dangerous and it appeared that two of the men directing plaintiff's work were bosses in the mine and another the mine inspector, that practically nothing was done to warn him of the danger or to guard against it, nor was anything done by the inspector to mark the dangerous points in the roof of the mine under which plaintiff was directed to work.

Appeal from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed October 25, 1921.

STUART BROWN, for appellant.

WILLIAM J. LAWLER and JOHN G. FRIEDMEYER, for appellee.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

Frank Shomidie brought suit in the circuit court of Sangamon county against W. A. Brewerton to recover for damages alleged to have been sustained by Shomidie while working in a coal mine owned by Brewerton, and recovered a judgment for $1,250, from which judgment Brewerton has appealed. After the suit was commenced the plaintiff, Shomidie, by leave of court, made Richard Neeson, James T. Casey and Alexander Perry defendants. The coal mine in which Shomidie claims he was injured was located in Sangamon county, and all of the defendants in the proceeding lived in that county except Brewerton, who resided in Cook county where he was served with summons. All of the defendants including Brewerton on the 6th day of January, 1919, filed a limited appearance to contest the jurisdiction of the court and on June 29, 1920, without any action being had upon the motion to contest the jurisdiction of the court, filed a plea of "not guilty" and went to trial on that plea. On the trial the jury found all the defendants, except Brewerton, not guilty and as to him returned a verdict of guilty, on which judgment was rendered as already stated.

Brewerton on the trial made a motion to instruct the jury to find him not guilty and also a motion to quash the service upon him, both of which were denied by the court. Thereupon the court entered judgment against Brewerton upon the verdict. Brewerton now contends that as he was not a resident of Sangamon county and was only served with process in Cook county where he resided, no judgment can be rendered against him in Sangamon county. This claim under the circumstances we do not regard as tenable. Appellee in his declaration claimed that he, as a common

laborer, was working in Brewerton's coal mine where Perry and Casey were acting as bosses and Neeson as mine inspector and that while doing, work as such laborer he was injured by a falling mass which became detached from the roof of the mine and that each of the deféndants was guilty of negligence. That the suit was prosecuted by Shomidie in good faith against all of the defendants would seem to be beyond question. Brewerton was the owner of the mine, Perry and Casey were bosses in Brewerton's employ, while Neeson was the mine inspector. It was not unreasonable to claim and aver negligence against each and all of them and to join them all in one suit. Notwithstanding the fact that the jury found all defendants except Brewerton not guilty, still as Brewerton had filed his plea of not guilty and submitted his case to the jury on the facts he is not in position to raise a question going alone to the jurisdiction of the court over him.

In *Williams v. Morris,* 237 Ill. 254, where a similar situation was under discussion, the court said that when a nonresident is made a codefendant with residents of the county in good faith and in the belief that plaintiff has a cause of action against the resident defendants, if the nonresident defendant appears and defends judgment may be rendered against him notwithstanding he was not served with process in the county where suit was brought and that the verdict was returned in favor of the resident defendants and the cause dismissed as to the other defendants.

Appellant argues, however, that under section 2 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 6), as amended, which provides that judgment shall not be rendered against those defendants who do not reside in the county unless they appear and defend the action, *"nor then if the action is dismissed as to the defendant or defendants resident in the county,"* there can be no recovery here against Brewerton alone. In our

judgment this amendment, quoted above, was evidently intended to prevent the use of what in the briefs is called a "dummy" defendant who might be joined in a suit against a nonresident defendant for the purpose of getting service upon a nonresident and then after such service is had dismissing the suit as against such "dummy" defendant and proceeding against the nonresident defendant alone. This amendment could not have been intended to apply to cases where suit is brought in good faith against a resident defendant and with a reasonable show of recovery and when such resident defendants are not dismissed from the case but are relieved from liability by the verdict of a jury on a trial of fact.

In the case at bar, as we have already said, there is nothing to warrant the assumption that the defendants other than Brewerton were "dummy" defendants. Their connection with the work and mine involved at the time of the plaintiff's injury was of a character to warrant the appellee in making them defendants to the suit. The suit was not dismissed as to such defendants other than Brewerton, but a trial upon a plea going to the merits was had. We do not regard the return of a verdict under the circumstances as a dismissal within the meaning of the amended section referred to.

The other matters discussed by appellant are not of a nature to require extended argument. Appellant in his brief admits that "the evidence was clear that the place in which plaintiff was working was a dangerous place"; two of the men who directed plaintiff in his work were bosses acting for Brewerton in an effort to put the mine in shape for operation, and the third was mine inspector. The evidence further shows that practically nothing was done to give warning to the plaintiff of the danger to which he was subjected or to guard against injury, nor was anything done by the examiner to mark the dangerous points in the

roof of the mine under which plaintiff was told by appellant's boss to work.

In *Piazzi v. Kerens-Donnewald Coal Co.*, 262 Ill. 30, the court held that where one is engaged in cleaning up a coal mine to make a dangerous place safe, the mine owner is not relieved from the duty of having the mine examined by a mine examiner and dangerous places marked.

The judgment is right and is affirmed.

*Judgment affirmed.*