**Frank Shomidie, Appellee, v. W. A. Brewerton, Appellant.**

## Gen. No. 7,744.

1. STATUTES—*procedural statutes operate on pending actions.* When the statute relative to the plea of a defendant is passed after the injury sued upon occurs but before the plea is filed, the plea must comply therewith.

2. MASTER AND SERVANT—*presumption of election against Workmen's Compensation Law.* In an action for personal injuries against a defendant who is engaged in mining, brought by an employee, where defendant fails to deny by a verified pleading, as provided for by paragraph 203, ch. 48, Cahill's Ill. St., an allegation in the declaration that he had rejected the provisions of the Workmen's Compensation Act he will be conclusively presumed to have filed his notice of non-election with the Industrial Board.

3. MASTER AND SERVANT—*what is "mine" within Miners' Act.* Where the undisputed evidence showed that the place where the accident in question occurred had previously been used for the purpose of mining and hoisting coal but that for about three years no coal had been mined or hoisted and that, at the time of the accident, a crew of men, including plaintiff, were engaged in cleaning up the various ways and entries preparatory to opening the mine for the mining of coal, the place was a mine within the meaning of section 21 of the Miners' Act, Cahill's Ill. St. ch. 93, ¶ 20, as matter of law.

4. MASTER AND SERVANT—*when failure to mark dangerous place is not proximate cause of injury.* If the object of the statute requiring the mine examiner to place marks on dangerous places to

warn the workmen and others of the dangerous condition has been attained by giving to the workmen full and explicit information as to the danger and a workman fails to avail himself of that information and is injured by reason of his failing to avoid the danger which is known to him, it cannot be said that the failure to place danger signs was the proximate cause of the injury.

5. MASTER AND SERVANT—*proximate cause of mine accident as jury question.* When plaintiff in an action for personal injuries received while employed in defendant's mine denies that any information was given to him as to the place where he was injured being dangerous or knowledge of such danger prior to the accident, it is a question for the jury whether failure of the mine examiner to mark the place as dangerous was the proximate cause of the injury.

6. APPEAL AND ERROR—*necessity of showing objectionable remarks of counsel in abstract.* When no alleged inflammatory remarks of counsel are specifically called to the attention of the court on appeal but it is referred to the entire argument set out in the abstract, the court is not bound to examine the abstract for error.

Appeal by defendant from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding. Heard in this court at the April term, 1924. Affirmed. Opinion filed June 10, 1924. *Certiorari* denied by Supreme Court (making opinion final).

BROWN, HAY & STEPHENS and PAUL W. GORDON, for appellant.

WILLIAM J. LAWLER and JOHN G. FRIEDMEYER, for appellee.

MR. JUSTICE HEARD delivered the opinion of the court.

Appellee began an action on the case in the circuit court of Sangamon county against appellant for injuries alleged to have been sustained in appellant's employ. Thereafter by leave of the court three residents of Sangamon county were made additional parties defendant and were served with process there. Brewerton was a resident of Cook county and was served with process in that county.

The declaration contained four counts. The first

count charged that the defendants failed to exercise reasonable care to furnish the plaintiff· a reasonably safe place in which to work. The second count charged that the defendants ordered the plaintiff to work under a dangerous roof without warning him of the danger. The third count charged that the mine examiner of the defendant wilfully failed to display a danger mark at the dangerous place where plaintiff was engaged, and the fourth count charged that the mine examiner of the defendants wilfully failed to take plaintiff's life check and leave it with the mine manager before the plaintiff was permitted to enter the mine. Each of these counts also charged that the roof of the entry, wherein the plaintiff was working, was cracked, loose, dangerous and liable to fall. Each count of the declaration alleged that the place where the plaintiff was working was a mine and that the defendant had elected not to operate under the Workmen's Compensation Law [Cahill's Ill. St. ch. 48, ¶ 201 *et seq.*]. Defendants appeared and pleaded the general issue.

On the trial, at the close of the plaintiff's evidence, each of the three defendants except Brewerton made a motion that the court instruct the jury to find such defendants not guilty and the motions were allowed. Thereupon Brewerton, who was then the sole defendant, entered a motion that the service had upon him be quashed and the action dismissed since he was a resident of Cook county. This motion was denied, evidence introduced on behalf of the defendant, a verdict finding him guilty and a judgment for $1,250 and costs entered in favor of plaintiff against defendant. This judgment was affirmed by the Appellate Court (*Shomidie v. Brewerton,* 223 Ill. App. 358) and upon the petition of defendant a writ of certiorari was awarded and the record brought before the Supreme Court for review.

The Supreme Court reversed and remanded the

case, holding that where a nonresident defendant has been joined with resident defendants in an action on the case for personal injuries, the giving of a peremptory instruction to find the resident defendants not guilty is, within the meaning of section 6 of the Practice Act [Cahill's Ill. St. ch. 110, ¶ 6], such a dismissal of the case as to said defendants as to deprive the court of jurisdiction to proceed against the nonresident defendants on the original process. *Shomide v. Brewerton*, 306 Ill. 365.

Thereafter, the cause having been redocketed in the circuit court of Sangamon county, summons was served on appellant in said county and the cause was again tried in the circuit court upon the original pleadings. Appellant was again found guilty and a judgment rendered against him for $1,375 and costs, from which judgment this appeal has been perfected.

Appellant contends that appellee having failed to make proof of the allegation of each count of the declaration that appellant has rejected the provisions of the Workmen's Compensation Law, that the court erred in refusing to grant appellant's motion for a directed verdict.

In *Reynolds v. Chicago City Ry. Co.*, 287 Ill. 124, in discussing this question upon the law as it stood at the time of the accident, it is said:

"The Workmen's Compensation act has divided employers and employees who come within its terms into two classes: those who have accepted the provisions of the act and those who have not. The rights and liabilities of the two classes are different and are secured and enforced by entirely different processes. The case alleged in the plaintiff's declaration is one of an employer and an employee who have not accepted the provisions of the act. It was essential to the statement of a cause of action that it should appear that the defendant had elected not to comply with the provisions of the Workmen's Compensation

act and equally essential to a recovery that this fact should be shown by the evidence.''

The Act in question provided that every employer engaged in mining shall be conclusively presumed to have elected to provide and pay compensation according to the provisions of the act unless and until notice in writing of his election to the contrary is filed with the industrial board, and unless and until such employer shall either furnish to his employee personally or post at a conspicuous place in the place where the employee is to be employed a copy of such notice of election not to provide and pay compensation according to the provisions of the act. The statute made the presumption that defendant was operating under and bound by the act conclusive until it was proven it had elected to the contrary by complying with the requirements of the act and the burden, therefore, was on the plaintiff to allege and prove the election. *Beveridge v. Illinois Fuel Co.*, 283 Ill. 31; *Barnes v. Illinois Fuel Co.*, 283 Ill. 173.

In 1917 the legislature amended the act in question by the enactment of paragraph 203, ch. 48, Cahill's Ill. St., which provides: ''If the plaintiff in any action mentioned in section 3 shall in his declaration or in his other pleading allege that the employer has filed notice of his election not to provide and pay compensation according to the provisions of the Workmen's Compensation Act and such allegation be not denied by a verified pleading, then such employer shall for the purposes of that action be conclusively presumed to have filed his notice of non-election.''

While appellee's injury occurred on December 9, 1916, appellant's plea of the general issue was filed in the case June 20, 1920, at which time the amendment above mentioned was in force and effect. It related solely to matters of procedure and was purely a remedial statute and was therefore in force and effect as far as the procedure in this case was concerned.

Appellant having failed to deny by a verified pleading the allegation in appellee's declaration that appellant had rejected the provisions of the act, must be for the purpose of this action or conclusively presumed to have filed his notice of non-election with the Industrial Board, which was necessary for him to do in order to reject the provisions of the said act.

It is contended by appellant that the evidence shows that the place where the appellee was working was not a coal mine within the meaning of the Mining Act [Cahill's Ill. St. ch. 93, ¶ 1 et seq.], and therefore the court should have given the instructions requested by the appellant that if this place was not being operated as a coal mine the appellee could not recover on the third and fourth counts of his declaration, and that the court erred in refusing to give said instructions.

The place where appellee was injured was known as the O'Gara mine. There were at least nine entries to the mine and it was equipped with a hoisting shaft, cage, and the usual equipment for hoisting coal. It had previously been used for the purpose of mining and hoisting coal for some years, but for a period of about three years before the accident no coal had been mined or hoisted. During the time of its disuse much dirt and rock had fallen in the entries and hence it was necessary before mining and hoisting coal to clean up the debris which had fallen during the period of idleness. For this purpose certain men including appellee, who were known as company men, were hired and their duty at that time was merely to clean up the various ways and entries preparatory to opening the mine for the mining of coal. At the time of the accident no coal had as yet been mined or hoisted since the renewal of operations.

By Section 30 of Chapter 93 Rev. Stats. Ill. [Cahill's Ill. St. ch. 93, ¶ 29], it is provided: "Where used in this Act, the word 'mine' and 'coal mine' are intended to signify any and all parts of the property

of a mining plant, on the surface or underground, which contribute, directly or indirectly, under one management, to the mining or handling of coal."

The evidence as to the conditions are not disputed in the evidence and the undisputed evidence shows that the place in question was a mine within the meaning of the term as used in the Miners' Act, sec. 21 [Cahill's Ill. St. ch. 93, ¶ 20], of which requires that a certified mine examiner shall be required at all coal mines, who shall make daily examination of the mine and who is required "when working places are discovered in which there are recent falls or dangerous roof or dangerous conditions, to place a conspicuous mark or sign thereat as notice to all men to keep out."

It is contended by appellant that the question of whether or not the place where appellee was injured was a mine within the meaning of the Miners' Act was a question of fact for the jury and cites in support of that contention *Hakanson v. La Salle County Carbon Coal Co.*, 265 Ill. 165. That case, however, does not support appellant's contention in this case. In that case the court had instructed the jury to find the defendant not guilty and the court said: "It is not and could not reasonably be denied that if the Mines and Miners' Act applied the cause should have been submitted to the jury. The only question to be determined is whether there was any evidence tending to show the place of injury to have been at that time a coal mine within the purview and meaning of the Mining act. If there was, the motion to direct a verdict for appellee should have been denied and the issue submitted to the jury." After reviewing the evidence they said: "It seems to us the evidence certainly tended to show that the plant was being operated as a coal mine to such an extent as to bring it within the meaning of the Mines and Miners' Act" and held that the *case* should have been submitted to the jury.

In cases like the present where the undisputed evi-

dence shows that the place in question is a mine within the meaning of the Mines and Miners' Act there is no question of fact in that regard to be submitted to the jury.

It is contended by appellant that the rule requiring the master to use reasonable diligence to furnish a reasonably safe place for his employees to work does not apply to its employees whose duties are to make dangerous places safe and that this is true in the case of mines notwithstanding the statute.

In *Wilson v. Danville Collieries Coal Co.*, 264 Ill. 143, it is said:

"The principal contention of plaintiff in error is that there can be no recovery on the facts in this case, even though the place was not marked as dangerous or the record kept in the book, because defendant in error, who, it claims, was an experienced timberman and engaged in the work of repairing and making the mine safe, was not injured because of the failure to place the danger mark on the rock or make a record thereof. This precise question was passed on by this court in the recent case of *Piazzi v. Kerens-Donnewald Coal Co.*, 262 Ill. 30, decided since the petition for certiorari was filed in this case. The material facts in that case were substantially like those here. Indeed, they were almost identical. It was there held that the fact that the men are engaged under the direction of the mine manager, in cleaning up a coal mine after a shutdown of several months, and working under his general directions to make dangerous places safe, does not relieve the mine owner of the duty of having the mine examined by the mine examiner and of marking the dangerous conditions. That ruling must control here."

By the Workmen's Compensation Act [Cahill's Ill. St. ch. 48, ¶ 201 *et seq.*] as it was at the time of the accident it was specifically provided that in case the employer had rejected the provisions of the act the defenses of assumed risk and contributory negligence were not available to him.

It is contended by appellant that while there is evidence to show that no mark had been placed by the mine examiner, upon the rock which fell, there was no evidence to show that a mark had not been placed at the end of the fall where the men started working. Appellee's evidence, however, was that he knew what danger marks were in a mine and that he did not see any marks or any chalk marks near that place and he says: "There were no marks on the wall with chalk; I see nothing; no mark no place."

It is contended by appellant that even if there were no danger marks made by the mine examiner at the place in question, that such failure to make such marks was not the proximate cause of the accident as there was evidence tending to show that the boss and other persons had given warning to appellee of the dangerous situation, and that appellee had been ordered to timber the place so as to make it safe, which he had not done. The object of the law requiring the mine examiner to place marks upon dangerous places is to warn the workmen and all others coming in proximity to such place of the dangerous condition, and if that object has been attained by giving to the workmen full and explicit information as to the danger, and he fails to avail himself of that information and is injured by reason of his failing to avoid the danger which is known to him, it cannot be said that the failure to place danger signals on the place in question was the proximate cause of the injury. In the present case, however, appellee denied that such information was given to him and denies knowledge of the danger prior to the accident. In *Wilson v. Danville Collieries Coal Co.*, 264 Ill., *supra*, it is said: "The argument of counsel that the failure to place a conspicuous mark on the roof on the rock that fell and make a report thereof was not the proximate cause of the injury cannot be sustained. Whether the failure of the mine manager to mark the place was such proximate cause

is a question of fact for the jury. *Piazzi v. Kerens-Donnewald Coal Co., supra; Washcow v. Kelly Coal Co.,* 245 Ill. 516; *Kellyville Coal Co. v. Strine,* 217 Ill. 516.''

In *Piazzi v. Kerens-Donnewald Coal Co.,* 262 Ill. 30, it is said:

''The conditions under which a miner may work at a dangerous place at his own risk are where the owner has complied with the law by having the mine examined, the dangerous place has been marked by the mine examiner, and the miner is sent to that place, by the direction of the mine manager, to make safe the particular dangerous conditions there existing.

''Whether the failure of the mine examiner to mark the place was the proximate cause of the injury was a question of fact for the jury. The plaintiff had a right to rely upon the performance of the mine examiner's duty, and the absence of a mark indicated the opinion of the mine examiner that the clod was not dangerous.''

It is contended by appellant that the court erred in failing to give to the jury certain instructions requested by appellant. In view of the opinions herein expressed we do not deem it necessary to discuss these instructions in detail as they were all in contravention of the views herein expressed.

It is contended by appellant that the case should be reversed on account of inflammatory remarks made by the counsel for appellee in his argument to the jury. No remarks are specifically called to our attention in the brief and argument, but we are referring to the entire argument set out in the abstract. While the court is not bound to examine the abstract for error where no particular error is specifically pointed out, yet we have read the entire argument of counsel for appellee and while counsel for appellant in his argument to the jury traveled very close to the border line of proper argument during much of his discourse and

sometimes transgressed the proprieties, we cannot say that the argument was so objectionable and inflammatory as to require a reversal of the judgment. The judgment of the circuit court is affirmed.

*Affirmed.*