(No. 11692.—Reversed and remanded.)
HECTOR BEVERIDGE, Defendant in Error, *vs.* THE ILLINOIS
FUEL COMPANY, Plaintiff in Error.

*Opinion filed February 20, 1918—Rehearing denied April 4, 1918.*

1. WORKMEN'S COMPENSATION—*when allegation that defendant is not bound by the Compensation act is material.* In an action on the case for personal injuries, an allegation that the defendant employer is not bound by the provisions of the Workmen's Compensation act is essential to a recovery by the plaintiff if the defendant is engaged in an occupation subject to the provisions of the act, and such allegation must be proved by the plaintiff.

2. SAME—*notice to employee of employer's election not to be bound by Compensation act must be proved.* In an action on the case against an employer which is conducting a hazardous business, an allegation that the defendant is not bound by the Workmen's Compensation act requires proof that notice was given the injured employee of the employer's election not to be bound by the act, in addition to the written notice to the Industrial Board, as the statute requires that both acts shall be done, and the doing of one is not evidence of an admission that the other has been done.

3. SAME—*when plea of not guilty is sufficient to raise issue that defendant is not bound by Compensation act.* In an action on the case for personal injuries against an employer engaged in a hazardous occupation a plea of the general issue is sufficient to traverse the allegation of the declaration that defendant is not bound by the Workmen's Compensation act, and it is neither necessary nor proper for defendant to plead to the jurisdiction of the court.

4. SAME—*when defendant does not waive proof of allegation that it is not bound by Compensation act.* In an action on the case for personal injuries the defendant corporation does not waive proof of the allegation in the declaration that it is not bound by the Workmen's Compensation act by introducing evidence in defense of the allegation of negligence, as it is incumbent on the plaintiff to prove both allegations, and the defendant has the right to disprove either or both of them.

5. PLEADING—*contrary averment is essential to put in issue a fact which the law presumes to exist.* It is unnecessary to allege in a declaration a fact which the law presumes to exist, but an allegation to the contrary is necessary if the fact is to be put in issue, as a declaration which fails to state a fact the existence of which is necessary to a recovery does not state a cause of action.

CARTER, C. J., dissenting.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Randolph county; the Hon. GEORGE A. CROW, Judge, presiding.

R. J. GODDARD, and H. CLAY HORNER, for plaintiff in error.

A. E. CRISLER, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Appellate Court for the Fourth District affirmed a judgment for $7500 recovered by Hector Beveridge in the circuit court of Randolph county in an action on the case for personal injuries, against the Illinois Fuel Company, and the record has been certified to this court as a return to a writ of *certiorari* issued on the petition of the Illinois Fuel Company.

The declaration in four counts charged the plaintiff's injuries to have been received as the result of the defendant's willful failure to observe the requirements of the Mining act in the operation of its mine in which the plaintiff was employed. In each count it was alleged that the defendant had elected not to comply with or be bound by the Workmen's Compensation act and was not operating under that act. This was a material allegation. The Workmen's Compensation act of 1913, which was in force when the plaintiff was injured, provides that no common law or statutory right to recover damages for an injury sustained by an employee while in the line of his duty, other than the compensation provided in the act, shall be available to any employee who is covered by the provisions of the act. It was essential, therefore, to the statement of a cause of action for a negligent injury by an employee against his employer, that it should appear that the employer was not covered by the provisions of the act. A declaration which

fails to state a fact whose existence is necessary to entitle the plaintiff to recover does not state a cause of action. (*Walters* v. *City of Ottawa,* 240 Ill. 259.) The act further provides that every employer engaged in mining shall be conclusively presumed to have elected to provide and pay compensation according to the provisions of the act unless and until notice in writing of his election to the contrary is filed with the Industrial Board, and unless and until such employer shall either furnish to his employee personally or post at a conspicuous place in the place where the employee is to be employed a copy of such notice of election not to provide and pay compensation according to the provisions of the act. It is unnecessary to allege a fact which the law presumes to exist. The contrary averment must be made if the fact is to be put in issue. *Warner* v. *Flack,* 278 Ill. 303.

No objection was made to the sufficiency of the allegation, but it is insisted that it was not proved. The only plea was the general issue, the effect of which is to traverse every material allegation in the declaration. (*Curtiss* v. *Martin,* 20 Ill. 557; *VanDusen* v. *Pomeroy,* 24 id. 289.) To sustain this allegation the plaintiff introduced in evidence a notice signed by the president and secretary of the defendant, addressed to the Industrial Board, stating that it was given in conformity with the provisions of section 2 of the act, and that notice was thereby given that the defendant had elected not to accept the provisions of nor to pay compensation according to the provisions of the act, the title of which was set out. No evidence was offered to show that a copy of such notice was either furnished to the plaintiff or posted at the place where he was to be employed. There was therefore a failure to prove the allegation that the defendant was not operating under the Workmen's Compensation act, and the defendant's motions for a peremptory instruction for a verdict in its favor, asked at the close of the plaintiff's evidence and at the close of all the evidence, should have been given.

283 — 3

The defendant in error argues that the statement filed with the Industrial Board that "notice is hereby given that the undersigned have elected not to accept the provisions of or pay compensation according to the provisions of" the Workmen's Compensation act should be given effect as an admission of the plaintiff in error that it has also complied with the provisions of the act in regard to giving notice to its employees personally or posting such notice at the proper place. The statute, however, requires that both these acts shall be done, and the doing of one cannot be regarded as evidence of an admission that the other has been done. It was not necessary and it was not proper for the defendant to file a plea to the jurisdiction of the court. The circuit court has jurisdiction of all actions of trespass on the case, and the defense in this case was not lack of jurisdiction of the court but the want of any cause of action in the plaintiff. That question was properly raised by a plea of the general issue. Neither was there any waiver of proof of this allegation by the introduction of evidence on behalf of the defendant to disprove the negligence charged in the declaration. It was incumbent on the plaintiff to prove both the negligence alleged in the declaration and the fact that defendant was not operating under the Workmen's Compensation act. The defendant had the right to disprove either of these issues and was not obliged to make an election between them but was entitled to introduce evidence on either or both.

Counsel for defendant in error cites the case of *Dietz* v. *Big Muddy Coal Co.* 263 Ill. 480, but in that case the court accepted and acted upon the admission of counsel in open court. There is no such admission here.

The judgments of the Appellate Court and the circuit court will be reversed and the cause remanded to the circuit court of Randolph county.    *Reversed and remanded.*

Mr. CHIEF JUSTICE CARTER, dissenting:

I think the judgments of the Appellate Court and the circuit court should be affirmed. I agree with the conclusion in the opinion that the allegations of the declaration required the plaintiff to prove that the defendant was not under the Workmen's Compensation act, but I am strongly of the opinion that such proof can and should be held to be waived in this case. In *Dietz* v. *Big Muddy Coal Co.* 263 Ill. 480, this court held that where counsel for the coal company conceded in oral argument before this court that it never had been, and was not at the time of the accident, operating under the Workmen's Compensation act we would assume that such was a fact. Of course, if counsel on the trial of this case in the circuit court had conceded that fact it would be held to be binding here, the same as when conceded in this court. There is an old maxim that "actions speak louder than words." I think the actions of the counsel for defendant on the trial of this case in the *nisi prius* court were such as to indicate that it was conceded on that trial that defendant had elected not to come under the Workmen's Compensation act, for it offered proof and tried the case on a theory that would not have been proper had it been operating under that act. It attempted to prove certain conditions and surroundings at the time of the accident which tended to show that the company's negligence was not the proximate cause of the injury and that it was not guilty of willful failure to mark as dangerous the place where the injury occurred. If it is true that the defendant was operating under the Workmen's Compensation act, then a liability would attach whether the defendant was negligent or not and whether or not its conduct was the proximate cause of the accident. Clearly, these defenses could not have been proved had the defendant been operating under the Workmen's Compensation act. It must be assumed that counsel for the defendant, as well

as the trial court, understood this to be the situation or the court would not have permitted such proof to be presented for consideration. To permit counsel to raise this question in a court of review for the first time, when it was, in effect, waived in the trial court, seems to me entirely inconsistent not only with justice but with reasonable and correct principles of pleading and practice.

---

(No. 11634.—Appellate Court reversed; circuit court affirmed.)
MARTHA D. ERWIN *vs.* EMMA C. FELTER, Defendant in Error.—(JAMES RHOADES, Exr. Plaintiff in Error.)

*Opinion filed February 20, 1918—Rehearing denied April 3, 1918.*