## Penn's Administrator v. Bates & Rogers Construction Company.

### (Decided January 28, 1919.)

### Appeal from Mason Circuit Court.

1. Master and Servant—Constitutional Law—Workmen's Compensation Act—Validity.—Notwithstanding section 241 of the Constitution, providing that whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, damages may be recovered for such death, and until otherwise provided by law, the action to recover such damages shall be prosecuted by the personal representative of the deceased, a servant may voluntarily accept provisions of the Workmen's Compensation Act, fixing the amount of recovery in case of death.

2. Master and Servant—Workmen's Compensation Act—Action for Damages—Rights of Servant.—Since the Workmen's Compensation Act provides for compensation for death in lieu of all other liability, an administrator of a deceased servant, who had accepted the provisions of the act, cannot maintain an action for damages.

H. W. COLE and A. D. COLE for appellant.

STANLEY F. REED for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

William Penn, as administrator of Harvey Penn, brought this suit against the Bates & Rogers Construction Company, a corporation, to recover damages for his death. The petition alleged facts showing that the death of the deceased was caused by the gross negligence of the defendant, its agents and servants. The petition further alleged that the deceased had signed a contract, electing to receive benefits under the Workmen's Compensation Act, and that the defendant had also accepted the provisions of that act. A demurrer was sustained to the petition and the petition dismissed. Plaintiff appeals.

Section 241 of the Constitution is as follows:

"Whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then, in every such case, damages may be recovered for such death, from the corporations and persons so causing the same. Until otherwise provided by law, the action to recover such damages shall in all cases be prosecuted by the personal representative of the deceased person. The general assembly may provide how the recovery shall go and to whom belong; and until such provision is made the same shall form part of the personal estate of the deceased person."

Plaintiff contends that this section of the Constitution gives to the administrator of an employe, whose death resulted from an injury inflicted by the negligence or wrongful act of another, an absolute right of action which the employe himself could not contract away by agreeing to accept, in lieu thereof, the benefits provided by the Workmen's Compensation Act. We do not deem it necessary to discuss the question further than to say that it was fully considered by the court in the case of Kentucky State Journal Co. v. Workmen's Compensation Board, 162 Ky. 387, 172 S. W. 674, where, in response to the petition for a rehearing, we delivered an extended opinion stating our conclusions in the following language:

"Second. Any employe, coming within the provisions of the act, may voluntarily agree to accept its provisions, fixing and limiting his recovery in case of injury.

"Third. He may likewise voluntarily accept the provisions of the act, fixing the amount that shall be recovered in the event of his death, and said sum should be

paid to his dependents, if he leaves any, and if not, to his personal representative.''

Since the deceased had the power, by voluntary contract, to accept the provisions of the act, fixing the amount that should be recovered in the event of his death, and since the compensation for death provided by the act is in lieu of all other liability, it necessarily follows that the act controls, and that an action for damages will not lie. Hence the demurrer to the petition was properly sustained.

Judgment affirmed.