(No. 12337.—Judgment affirmed.)

PATRICK REYNOLDS, Plaintiff in Error, *vs.* THE CHICAGO CITY RAILWAY COMPANY, Defendant in Error.

*Opinion filed February 20, 1919.*

1. APPEALS AND ERRORS—*what is not a judgment by consent in Appellate Court.* Where the Appellate Court reverses a judgment and remands the cause for errors assigned by the appellant without considering the errors assigned by the appellee, a motion by the appellee to strike the remanding order because he cannot make out a better case on a new trial does not amount to a confession of error or a consent to the judgment but is only a waiver of his right to a new trial or to complain that the cause was not remanded.

2. WORKMEN'S COMPENSATION—*when plaintiff in an action for negligence must prove employer's election not to come under Compensation act.* It is essential to the statement of a cause of action for personal injuries by an employee against an employer whose business is included in paragraph (*b*) of section 3 of the Workmen's Compensation act, that it shall appear that the defendant has elected not to comply with the provisions of the act, and this fact must be shown by the evidence.

3. SAME—*employer's notice not to comply with Compensation act must be filed sixty days before beginning of next calendar year.* Where an employer is engaged in an occupation enumerated in paragraph (*b*) of section 3 of the Workmen's Compensation act of 1913, notice of his election not to comply with the act must be filed and posted sixty days before the beginning of the next calendar year after the law took effect, and the employer's rights and liabilities with respect to his employees during any calendar year are fixed by the law sixty days before the beginning of the'year, according as notice has or has not been filed and posted. (*Victor Chemical Works* v. *Industrial Board,* 274 Ill. 11, adhered to.)

4. SAME—*if employer is under Compensation act no common law action for negligence can arise by way of estoppel.* An employer engaged in a hazardous occupation is bound by the Workmen's Compensation act if his notice of election not to come under the act is not filed within the time fixed by the act, and no representation by him to his employees to the effect that he is not subject to the act can operate as an estoppel to deny that he is under the act and render him liable to a common law action for negligence, as the statute itself fixes his rights and liabilities.

FARMER, J., dissenting.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding.

JAMES C. McSHANE, for plaintiff in error.

CHARLES LEROY BROWN, (FRANKLIN B. HUSSEY, of counsel,) for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

Patrick Reynolds was a motorman in the employ of the Chicago City Railway Company, and on December 21, 1914, in the course of his employment was injured by the collision of two cars. He brought suit against his employer in the superior court of Cook county and recovered a judgment, which the Appellate Court for the First District on appeal reversed. The judgment included an order remanding the cause to the superior court, but upon the motion of the appellee and on his showing that he could not on any future trial make out any better case than he had proved on the previous trial the Appellate Court struck out the order of remandment. Reynolds then filed a petition for a writ of *certiorari* to bring up the record for review, and it was allowed.

The defendant in error insists that the judgment of the Appellate Court was entered against plaintiff in error on his own motion and that he therefore cannot insist on its reversal. This is not in accordance with the record. The judgment was reversed, as shown by the opinion of the Appellate Court, for the errors assigned by the defendant in error, and those assigned by the plaintiff in error were not considered. From the nature of the error found, the remandment of the cause followed as a matter of course. The plaintiff in error had a right to another trial of the cause, but because he could not prevail on such a trial he

requested the court to strike out the order of remandment. This would not amount to a confession of error or a consent to the judgment which had been rendered against him over his objection, but it was a waiver only of his right to have a new trial in the superior court or to complain that the cause was not remanded. The judgment of reversal was then final against him, but it cannot be said to be a judgment by consent or on his own motion.

The declaration alleged that the defendant was operating a street railway line on the streets of the city of Chicago and street cars thereon for the carrying of passengers for hire; that the plaintiff's injury occurred through the negligence of the defendant; that the defendant and plaintiff were both employed in a business to which the Workmen's Compensation act applied, and that the defendant had elected not to provide or pay compensation according to the provisions of that act for accidental injuries sustained by its employees. The Appellate Court reversed the judgment because the plaintiff failed to prove the filing of notice with the Industrial Board by the defendant of its election not to provide and pay compensation under the Workmen's Compensation act within the time required by that act, and therefore the court erred in denying the defendant's motion to find a verdict for it.

The Workmen's Compensation act has divided employers and employees who come within its terms into two classes: those who have accepted the provisions of the act and those who have not. The rights and liabilities of the two classes are different and are secured and enforced by entirely different processes. The case alleged in the plaintiff's declaration is one of an employer and employee who have not accepted the provisions of the act. It was essential to the statement of a cause of action that it should appear that the defendant had elected not to comply with the provisions of the Workmen's Compensation act and equally essential to a recovery that this fact should be

shown by the evidence. (*Beveridge* v. *Illinois Fuel Co.* 283 Ill. 31; *Barnes* v. *Illinois Fuel Co.* id. 173.) The Workmen's Compensation act of 1913 took effect on July 1, 1913. There is no evidence that defendant in error ever elected not to comply with the provisions of the act for the year 1913, and it is therefore conceded that it was subject to the provisions of the act until the end of that year. It is shown that it did file a notice with the Industrial Board on November 4, 1913, of its intention not to provide and pay compensation to its employees according to the terms of the act on and after January 1, 1914. We held in *Victor Chemical Works* v. *Industrial Board,* 274 Ill. 11, that under the Workmen's Compensation act of 1913 employers who did not give notice of their intention to comply or not to comply with the act were bound by it until they gave notice of an intention not to provide and pay compensation according to its provisions, and that they had the right to give such notice at any time after the act took effect until sixty days before the succeeding first day of January, but that after that date the provisions of the act providing for yearly terms would operate upon all employers and require them to give sixty days' notice of withdrawal from the act prior to the first of January, 1914, or any year thereafter, or remain bound by the provisions of the act for the following calendar year. The defendant in error therefore was subject to the provisions of the act in 1913, and if it desired to elect not to comply with its provisions after the first of January, 1914, it was necessary to file its notice with the Industrial Board sixty days before that date. Since the notice was not filed until less than sixty days before that date the defendant in error continued subject to the provisions of the Workmen's Compensation act throughout the year 1914.

The plaintiff in error argues that it was not necessary to the decision of the *Victor Chemical Works case* that any limit should be placed on the time in which employers could

reject the act, and that it was more reasonable and more consistent with the provisions of the act referring to the calendar year to construe it as fixing December 31 as the last date under which the act could be rejected than November 1. Section 1 of the act provided that the election to provide and pay compensation according to the provisions of the act should be made by the employer's filing notice of such election with the Industrial Board. Section 2 provided that every employer enumerated in paragraph (b) of section 3 (which includes the defendant in error) should be conclusively presumed to have filed notice of his election as provided in section 1, and to have elected to provide and pay compensation according to the provisions of the act unless and until notice in writing of his election to the contrary was filed with the Industrial Board. Therefore, under these two sections the defendant in error was conclusively presumed to have filed the notice of its election to provide and pay compensation under the act and to have elected to provide and pay compensation according to the act. Then, by the further provision of paragraph (b) of section 1, having elected to provide and pay compensation according to the provisions of the act, as it was conclusively presumed to have done, the defendant in error was bound, as to all its employees covered by the act, until January 1, 1914, and thereafter for terms of each year unless it gave notice, sixty days before the expiration of any calendar year, of its election not to provide and pay compensation. Construing these sections together, the statute declared that the defendant in error, after the passage of the act, was bound by its provisions for the remainder of the year 1913 unless it gave notice to the contrary and for terms of one year thereafter, provided that it might elect not to provide and pay compensation after the expiration of any calendar year by giving the requisite notice sixty days prior to the expiration of such calendar year. Being bound by the provisions of the act for 1913, the defendant in error would

continue to be bound by them for the year 1914 unless it gave notice to the contrary. The reasonable conclusion is that arrived at in the case of the Victor Chemical Works, that the time within which the defendant in error might have rejected the act for the year 1913 expired sixty days prior to January 1, 1914.

The plaintiff in error insists that by its notice filed with the Industrial Board on November 4, 1913, and by the notice posted, defendant in error should be deemed to have made a binding election not to provide and pay compensation to its employees for injuries sustained by them; that having elected to treat its notice as filed in time though it was actually filed too late, it is estopped from denying that it effectually rejected the act, and that by its course of conduct in paying no attention to the requirements of the act, failing to report to the Industrial Board the accidents to its employees, and representing to its employees that it was not under the act, it is estopped to claim now that during all the time it was subject to the provisions of the act. The statute provided for fixing the status of various employers and employees throughout the State either under the provisions of the act or not under the provisions of the act, with different rights and liabilities accordingly. The act was made elective. The manner in which the election could be made was definitely provided. If an election to provide compensation according to the provisions of the act was made in the manner provided, the statute declared the rights of the parties should be as established by the act. If the election was not made, then the rights of the parties were to be declared according to a different standard. The statute is to be given effect as it was written. When it says that an election must be made in a particular way it is not for the court to say that it may be made in some other way. The employer either is exempt from the act by reason of having done the things which the statute requires to be done, or he is under the act by reason of his having

287 — 9

failed to do those things. His liabilities to his employees are fixed by the law in either case. The act itself permits an election in only one way: by filing and posting the notices within the prescribed time. There can be no other election. The failure to file and post notices within that time is an election to comply with the provisions of the act, which must stand for the calendar year, and no other course is open to the employer. His rights and liabilities with respect to his employees during any calendar year are fixed by the law sixty days before the beginning of the year, according as notice has or has not been filed and posted. They are governed by one system of laws if the notice of rejection has been then filed and posted and by another system of laws if it has not. The doctrine of estoppel has no application. If the defendant in error has not elected to reject the act in the manner required by law then the statute expressly prohibits the bringing of any action against it for damages for any injury to an employee. In all such cases the statute has abolished the common law action for negligence. There is no legal liability in such case. An estoppel cannot create one. At common law a servant injured by the negligence of his master could maintain an action in which he might recover damages to whatever amount he might be able to prove. Under the statute there is no liability for damages, and the employee can maintain no action against his employer but is entitled to an award of compensation according to a fixed scale, which may equal or be greater or less than his damages. No estoppel against the employer under a system or code where no cause of action for negligence exists can create such a cause of action against him. The measure of the responsibility of such an employer for the injury or death of an employee is declared by section 11 of the act to be the compensation provided by the act. If by any deception, misrepresentation or fraud the employer has deprived an employee of this compensation, the latter could, no doubt, maintain an action to re-

cover the compensation to which he was entitled, but he would have no cause of action for negligence which caused the injury.

The evidence from which the estoppel is claimed to arise was not, in any event, such as to require its submission to the jury. It was shown that on November 4, 1913, there was filed with the Industrial Board a notice dated October 27, 1913, that the defendant in error would not after January 1, 1914, provide and pay compensation to its employees according to the provisions of the Workmen's Compensation act. This notice contained a statement that the defendant in error was advised that the act was unconstitutional and that the giving of the notice must not be regarded as a recognition of the validity of the act. This notice was also posted at the car barn where plaintiff in error worked, with a heading notifying the employees that the defendant in error had filed such notice with the Industrial Board. On May 9, 1914, the Chicago Surface Lines (including the defendant in error) filed a notice re-affirming the election not to provide and pay compensation. Many injuries of employees of the defendant in error occurred during 1914 but none were reported to the Industrial Board and there was no effort on the part of the defendant in error to comply with the act. All cases of injury in 1914, except that of the plaintiff in error, were settled by the defendant in error. In February, 1915, the plaintiff in error had an interview with Rowley, the head of the defendant in error's claim department, in regard to the settlement of his claim, in which, as he testified, Rowley said the company was not working under the Workmen's Compensation act. These notices were not filed or posted in time. The notice posted at the barn simply notified the employees that the notice posted was a copy of one filed with the Industrial Board but did not say when it was filed. The action of the defendant in error in not reporting accidents and adjusting claims for injuries was in accordance with its claim that

the act was unconstitutional. Rowley's statement was in accordance with the same claim and was not the misrepresentation of any fact. It is manifest that the defendant in error was not working under the Workmen's Compensation act,—that is, that it was not complying with the provisions of the act. The officers of the defendant in error were advised that the act was unconstitutional, and for that reason, as well as others, possibly, the defendant in error rejected its provisions. Nothing is shown to have been said or done which amounted to any misrepresentation or concealment of a fact or which was done with an intent to deceive or a knowledge or belief that it would be acted upon, or which was not equally within the knowledge or means of knowledge of the plaintiff in error as of the defendant in error.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE FARMER, dissenting.