## Clarence England, Plaintiff in Error, v. Nokomis Coal Company, Defendant in Error.

1. WORKMEN'S COMPENSATION ACT, § 12*—*when declaration defective in matter of rejection of act.* The averment in a personal injury case that defendant had "rejected the provisions of the Workmen's Compensation Act of this State and was not working under such act at the time of such injury," was a pure conclusion and was not a compliance with section 3½ of such Act [Call. 1920 Stat. ¶ 5475(3½)], requiring an averment of the fact that defendant had filed notice of his election not to provide and pay compensation according to the provisions of the act; and hence, under the further provision of such section, the employer was for the purpose of the action conclusively presumed to have filed his notice of election, and the directed verdict for defendant was affirmed in the absence of proof that defendant had filed notice of his election not to provide and pay such compensation.

2. WORKMEN'S COMPENSATION ACT, § 12*—*when proof of rejection of act essential.* Under the Workmen's Compensation Act of 1913 [Call. 1916 Stat. ¶ 5475(1) *et seq.*], it was essential, in order to maintain an action at law by an employee to recover for personal injuries against his employer, to prove that the latter had elected not to be bound by the act.

Error to the Circuit Court of Montgomery county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed April 29, 1919.

A. W. KERR and W. J. MACDONALD, for plaintiff in error.

HILL & BULLINGTON, for defendant in error; R. H. DAVIS, of counsel.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

Clarence England, plaintiff in error, while in the employ of Nokomis Coal Company, defendant in error, as an electrician, was, on September 21, 1916, injured while engaged in connecting an electrical wire to a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

fuse block on a transformer on the wall inside of the transformer house. Defendant in error at the time was operating a coal mine and in connection therewith the electrical apparatus mentioned. On September 15, 1917, plaintiff in error brought an action on the case against defendant in error to recover damages for the injuries sustained. The declaration consists of two counts and in each of which it is alleged: "And plaintiff further avers that defendant on and prior to September 21st, 1916, rejected the provisions of the Workmen's Compensation Act of this State and was not working under such act at the time of such injury." To this declaration defendant in error pleaded the general issue. A trial was had upon the merits and a verdict returned by the jury of not guilty, on which verdict judgment was rendered.

A motion was made by defendant in error at the close of plaintiff in error's evidence to exclude the evidence, and an instruction offered by which the jury were directed to find defendant in error not guilty, and the same motion was made and instruction offered at the close of all the evidence. Both the motions were overruled and both instructions refused. The principal contention made in this court by plaintiff in error is that the verdict is contrary to the evidence. From a careful consideration of the evidence, our conclusion is that the verdict is not against a manifest weight thereof. Some criticism is made of the instructions, which is without merit. Upon the merits of the case the facts were fairly submitted to the jury, which were properly instructed as to the law, and no error has been pointed out of sufficient moment to justify a reversal of the judgment.

Another reason exists, however, why the judgment must be affirmed. No proof of any kind was made or offered of the fact that the defendant in error had filed notice of his election not to provide and pay compensation according to the provisions of the Work-

men's Compensation Act. At the time the accident happened, the Workmen's Compensation Act of 1913 was in force. Under this act it was essential, in order to maintain an action at law to recover for personal injuries by an employee against his employer, to prove that the latter had elected not to be bound by said act. *Beveridge v. Illinois Fuel Co.*, 283 Ill. 31 [17 N. C. C. A. 463]; *Barnes v. Illinois Fuel Co.*, 283 Ill. 173. At the time plaintiff in error brought his suit, the act of 1913 had been amended by two acts of the legislature passed at the same session. Section 2 of the Act of 1913 [Call. 1916 Stat. ¶ 5475(2)] provided as follows: ''Every employer enumerated in section 3, paragraph (b), shall be conclusively presumed to have filed notice of his election as provided in section 1, paragraph (a), and to have elected to provide and pay compensation according to the provisions of this Act, unless and until notice in writing of his election to the contrary is filed with the Industrial Board and unless and until the employer shall either furnish to his employee personally or post at a conspicuous place in the plant, shop, office, room or place where such employee is to be employed, a copy of said notice of election not to provide and pay compensation according to the provisions of this Act; which notice of non-election if filed and posted as herein provided, shall be effective until withdrawn; and such notice of non-election may be withdrawn as provided in this Act.''

One class of employers so mentioned in said section 3 embraced those following the occupation of mining. The first amendatory act was passed with an emergency clause and was approved May 31, 1917. By this act, section 2 of the Act of 1913 was amended so as to provide that every such employer shall be conclusively presumed to have filed notice of his election to provide and pay compensation according to the provisions of the act unless and until notice in writing of his election

to the contrary is filed with the Industrial Board.  This amendment omits the necessity of either furnishing to the employee personally or posting such notice in the plant, shop, etc., where such employee is to be employed.  This amendatory act became a law on its approval, May 31, 1917.  By this amendment a new section was also enacted, which is as follows:  Section 3½.  (a) If the plaintiff in any action mentioned in section 3 shall in his declaration or in his other pleading allege that the employer has filed notice of his election not to provide and pay compensation according to the provisions of the Workmen's Compensation Act and such allegation be not denied by a verified pleading, then such employer shall for the purposes of that action be conclusively presumed to have filed his notice of non-election.''  [Call. 1920 Stat. ¶ 5475 (3½).]

Subsequently, at the same session of the legislature, another amendatory act was passed which was approved June 25, 1917, and became in force July 1, 1917. By this last amendatory act, section 2 was repealed in its entirety, and section 3 thereof provides that the provisions of the act shall apply automatically and without election to all employers and their employees engaged in certain enterprises, including that of mining.  Section 3½ of the prior amendatory act was left unchanged.

If it be conceded that said section 3½ is purely remedial, having application only to a rule of evidence and practice, and is therefore retroactive and can be availed of in the prosecution of a cause of action which arose prior to its enactment, yet it cannot be invoked in the present case because the declaration does not contain the averment demanded by the section.  The averment in the declaration in this case that defendant in error had ''rejected the provisions of the Workmen's Compensation Act of this State and was not

working under such act at the time of such injury"
is a pure conclusion of the pleader and is not an aver-
ment of the fact that it "has filed notice of his election
not to provide and pay compensation according to the
provisions of the Workmen's Compensation Act." It
is but an averment of the conclusion which would be
derived if the fact mentioned in the section had been
alleged. Section 3½ specifically sets out the necessary
allegation of facts to raise the presumption that the
employer had filed his notice of non-election, and such
averment must be made or the presumption will not
prevail. Of course, section 3½ can have no applica-
tion in a suit against an employer engaged in the oc-
cupation of mining, by an employee, for injuries
received since July 1, 1917, because under the statute
as it now exists, and has existed since that time, em-
ployers engaged in such occupation are compelled to
provide and pay compensation according to the pro-
visions of the Workmen's Compensation Act, and have
no right of election. It can now only apply in cases
against employers pursuing occupations not mentioned
in section 3. From what has been said, we do not in-
tend to decide, and have no occasion to do so, that
said section 3½ can have, in fact, any application to
causes of action arising before the adoption of said
amendatory act of 1917.

The judgment of the Circuit Court is affirmed.

*Affirmed.*