(No. 12338.—Judgment affirmed.)

JAMES F. BISHOP, Admr. Plaintiff in Error, *vs.* THE CHICAGO RAILWAYS COMPANY, Defendant in Error.

*Opinion filed October 27, 1919—Rehearing denied Dec. 3, 1919.*

1. NEGLIGENCE—*when declaration should allege parties are not governed by Compensation act.* In an action for negligence by an injured employee or his personal representative against the employer, where the parties are engaged in an occupation subject to the provisions of the Workmen's Compensation act, an allegation that either the employer or the employee, or both, are not governed by the act is essential to the statement of the cause of action; and a declaration which does not contain such allegation is not cured by verdict nor by amendment after the bar of the Statute of Limitations has become complete.

2. SAME—*when the declaration should state facts bringing case within exception to Compensation act.* In a civil action by an administrator for the death of an employee while engaged in an occupation subject to the provisions of the Workmen's Compensation act, where it is claimed that the employment was casual and that therefore the employee was not operating under the act, the declaration must affirmatively allege facts bringing the employee within the exception.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH SABATH, Judge, presiding.

JAMES C. MCSHANE, for plaintiff in error.

CHARLES LEROY BROWN, (P. L. MCARDLE, of counsel,) for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

December 19, 1913, plaintiff in error brought suit in the superior court against defendant in error to recover damages on account of the death of William E. Ford, who was killed November 12, 1913. The declaration alleged

that the death resulted from the negligence of defendant in error, and contained averments showing the parties to be subject to the Workmen's Compensation act unless they had elected to the contrary, but it contained no allegation that the parties had elected not to operate under the act. March 30, 1915, an amendment was filed to the declaration, alleging that before Ford was killed defendant in error had elected not to comply with or be bound by the Workmen's Compensation act. Defendant in error pleaded the Statute of Limitations. The court sustained a demurrer to the plea interposed by plaintiff in error. After verdict for plaintiff in error the defendant in error entered a motion in arrest of judgment, which was denied by the court. On appeal to the Appellate Court for the First District the judgment of the superior court was reversed, and the record has been certified to this court as a return to a writ of *certiorari* issued on the petition of plaintiff in error.

The Workmen's Compensation act of 1913, which was in force when William E. Ford was killed, provides that no common law or statutory right to recover damages for an injury sustained by an employee while in the line of his duty, other than the compensation provided in the act, shall be available to any employee who is governed by the provisions of the act. It was essential, therefore, to the statement of a cause of action for a negligent injury by an employee or his personal representative against the employer, that it should appear that either the employer or employee, or both, were not governed by the provisions of the act. The declaration filed in this case, therefore, did not state a cause of action. *Beveridge* v. *Illinois Fuel Co.* 283 Ill. 31; *Reynolds* v. *Chicago City Railway Co.* 287 id. 124.

Where it is claimed that the employment is casual and that the employee is therefore not operating under the act, the declaration must affirmatively allege facts bringing the employee within the exception. (*Victor Chemical Works*

v. *Industrial Board*, 274 Ill. 11.) The original declaration did not defectively state a cause of action which might be good after verdict. The declaration was amended so that it stated a case at common law, but this was done after the bar of the statute had become complete. *Carlin* v. *Peerless Gas Light Co.* 283 Ill. 142; *Davis* v. *St. Paul Coal Co.* 286 id. 64.

The Appellate Court properly held that the superior court erred in denying the motion in arrest of judgment, and the judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*