## Owen O'Brien, Appellee, v. Chicago City Railway Company and Chicago Railways Company, Appellants.

### Gen. No. 25,167.

1. WORKMEN'S COMPENSATION ACT, § 5*—*employee's right of action under act.* The provisions of the Workmen's Compensation Act of 1913 [Call. 1916 Stat. ¶ 5475(1) *et seq.*] are intended to apply to all employees and employers as defined thereby. There are two classes of employers: Those directly employing him and those not employing him but negligently injuring him, the second class being divided by section 29 of the act [Call. 1916 Stat. ¶ 5475(29)] into those who have elected to be bound by the act and those who have rejected it, and, except as permitted by section 29 [Call. 1916 Stat. ¶ 5475(29)], an employee is restricted in his right of action, as to employers rejecting the act, by section 6 [Call. 1916 Stat. ¶ 5475(6)].

2. WORKMEN'S COMPENSATION ACT, § 5*—*what employee must allege and prove in action against third person.* To entitle an employee to recover under section 29 of the Workmen's Compensation Act of 1913 [Call. 1916 Stat. ¶ 5475(29)] against a person other than the employer, such person having elected not to be bound by the act, he must allege and prove all of the conditions stated in the act, including that the injury was not proximately caused by the negligence of the employer nor his employee.

3. WORKMEN'S COMPENSATION ACT, § 5*—*when employee cannot recover in action against third person.* In view of the purpose of the Workmen's Compensation Act of 1913 [Call. 1916 Stat. ¶ 5475(1) *et seq.*] and the language of section 6 thereof [Call. 1916 Stat. ¶ 5475(6)], an employee cannot recover in a common-law action brought under section 29 [Call. 1916 Stat. ¶ 5475(29)] against a third person, who has elected not to be bound by the act, where

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the accident was caused by the concurrent negligence of plaintiff's employer.

4. WORKMEN'S COMPENSATION ACT, § 5*—*what evidence not admissible in action by employee against third person.* In an action by an employee brought under section 29 of the Workmen's Compensation Act of 1913 [Call. 1916 Stat. ¶ 5475(29)] against one who had rejected the act to recover for personal injuries, it is error to permit plaintiff to introduce in evidence a contract between him and his employer, the City of Chicago, reciting the circumstances of the injury, stating that it was not proximately caused by the negligence of such city but under circumstances creating a legal liability of defendants, consenting to the bringing of the suit by plaintiff and assigning to him any claim which the city might have against defendants on account of subrogation.

Appeal from the Superior Court of Cook county; the Hon. JOHN J. SULLIVAN, Judge, presiding. Heard in this court at the March term, 1919. Reversed. Opinion filed December 8, 1919.

CHARLES LEROY BROWN, for appellants; JOHN R. GUILLIAMS and JOHN E. KEHOE, of counsel.

JAMES C. McSHANE, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff, bringing a suit to recover compensation for personal injuries, upon trial had a verdict for $12,500. Judgment for this amount was entered against defendants, from which they have appealed.

The accident happened on March 23, 1917. Plaintiff was an employee of the City of Chicago, and at this time was one of a gang of six men trying to locate a leak in a water pipe by digging holes in Ashland avenue, a north and south street in Chicago, upon which defendants operate street cars. About quitting time in the evening, plaintiff and another member of the gang were laying boards over a hole which was dug

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

west of the street car tracks, and which came about a foot from the outside or west rail. While plaintiff was engaged in rearranging these boards he was struck by a southbound street car and received the injuries involved in this suit.

The questions of negligence of the defendants, the contributory negligence of plaintiff, and errors upon the trial, are extensively argued, but we cannot properly discuss them in view of our conclusion that plaintiff is barred from this action by the Workmen's Compensation Act of 1913 (Hurd's Ill. St. 1915-16, ch. 48, p. 1272, Call. 1916 Stat. ¶ 5475 [1] *et seq.*). The particular sections under consideration are section 6 and the second part of section 29. These are as follows:

"6. No common law or statutory right to recover damages for injury or death sustained by any employe while engaged in the line of his duty as such employe other than the compensation herein provided shall be available to any employe who is covered by the provisions of this act, to any one wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury."

"29. * * * Where the injury or death for which compensation is payable under this act was not proximately caused by the negligence of the employer or his employes, and was caused under circumstances creating a legal liability for damages on the part of some person other than the employer to pay damages, such other person having elected not to be bound by this act, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this act, but in such case if the action against such other person is brought by the injured employe or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employe or personal representative there shall be paid

to the employer the amount of compensation paid or to be paid by him to such employe or personal representative, provided that if the injured employe or his personal representative shall agree to receive compensation from the employer or to institute proceedings to recover the same or accept from the employer any payment on account of such compensation, such employer shall be subrogated to all the rights of such employe, or personal representative and may maintain, or in case an action has already been instituted, may continue an action either in the name of the employe, or personal representative or in his own name against such other person for a recovery of damages to which but for this section the said employe or personal representative would be entitled, but such employer shall nevertheless pay over to the injured employe or personal representative all sums collected from such other person by judgment or otherwise in excess of the amount of such compensation paid or to be paid under this act and all costs, attorneys' fees and reasonable expenses incurred by such employer in making such collection and enforcing such liability.''

Plaintiff's declaration alleged negligent operation of the car in various particulars, and also that plaintiff was injured while he was engaged in his work as an employee of the City of Chicago, and that the defendants had elected not to be bound by the provisions of the Compensation Act, and that neither of them was bound by said act at the time of the accident. Apparently this was an attempt to bring the action under the second part of section 29 above quoted, and upon the trial plaintiff claimed that this was an action under this section.

It was shown by the evidence that plaintiff and his employer, the City of Chicago, at the time of the accident were under the Compensation Act, and that the injuries arose out of and in the course of plaintiff's employment; that he was entitled to and had received and was receiving from the city compensation for such injuries under the act; that defendants are employers but had elected not to operate under the act,

Does the Compensation Act of 1913 leave an employee to whom compensation is payable under the act any common-law right to sue a third person for damages on account of such injury, or is whatever right of action he may have against a third person saved to him by section 29 but dependent upon its conditions?

In *Matthiessen & Hegeler Zinc Co. v. Industrial Board*, 284 Ill. 378, the court said that the Workmen's Compensation Act "was designed as a substitute for previous rights of action of employees against employers and to cover the whole ground of the liabilities of the master, and it has been so regarded by all courts. * * * The act, in taking away existing rights of action of the employee and extending the liabilities of the employer, fixes limits to the amount to be recovered, and is sustained as a legitimate exercise of the police power for the promotion of the general welfare by covering the entire subject with fixed rules. (*New York Central Railroad Co. v. White*, 243 U. S. 188, 13 N. C. C. A. 943.)" Other cases to the same effect are *Keeran v. Peoria, B. & C. Traction Co.*, 277 Ill. 413; *Friebel v. Chicago City Ry. Co.*, 280 Ill. 76, 16 N. C. C. A. 390; *Johnson v. Choate*, 284 Ill. 214; *Vose v. Central Illinois Public Service Co.*, 286 Ill. 519; *Gones v. Fisher*, 286 Ill. 606. The general purpose and scope of such legislation has been stated not only in these cases but in so many others in other jurisdictions, as to make amplification unnecessary.

The rights of an injured employee against a negligent third party are conditioned upon section 29, the first part of which concerns third parties who have elected to be bound by the act; and the second part, which is above quoted, affects those who have elected not to be bound by the act. In *Keeran v. Peoria, B. & C. Traction Co.*, 277 Ill. 413, it was contended that section 6 applied only to suits of an employee against his employer, and not to claims against third parties. The court said that this claim would have much force

except that in determining the meaning of section 6 the provisions of section 29 must be considered, and that the sections must be construed together, the court saying:

"The two sections, when construed together, must be regarded as meaning that no common-law or statutory right to recover damages for any accidental injury arising out of and in the course of his employment shall be available to any employee, either against his employer or against any third person whose negligence may have occasioned the injury, where such person had also elected to be bound by the act, the employer in such case being subrogated to the right of the employee or his personal representative to recover, and the amount of the recovery being limited to the aggregate amount of compensation payable under the act. Where, however, the injury for which compensation is payable under the act was not proximately caused by the negligence of the employer or his employees and was caused by the negligence of some other person who had elected not to be bound by the act, then the action may be brought to recover damages by the injured employee, or his personal representative, or the employer, according to circumstances."

To the same effect are the opinions in *Friebel v. Chicago City Ry. Co.*, 280 Ill. 76, 16 N. C. C. A. 390; and *Gones v. Fisher*, 286 Ill. 606. We understand these cases to hold, upon the facts there considered, that the respective plaintiffs would have no right of action against the third party except as preserved by the provisions of section 29.

We do not think it is necessary at this time to determine whether or not the rights of employees against every kind or all classes of negligent third persons are limited by sections 6 and 29. The third persons included in section 29 are either those who have elected to be bound by the Compensation Act or those who have elected not to be bound. These can be only those persons who are employers as defined in section 4, and in occupations described in section 3 of the act. We are expressing no opinion as to the liability of the

many persons who are not eligible to exercise any option with reference to the Compensation Act, but are considering only the instant case, where the third party alleged to be negligent is an employer within the scope of the act and who has elected not to be bound by it.

From a consideration of what is said in the opinions above cited, and the general considerations giving rise to this legislation, we are of the opinion that the provisions of the act are intended to apply to all employees and employers as defined by the act; that the classes of employers are two: (1) those directly employing the particular injured employee, and (2) those not employing him but negligently injuring him; that this second class is divided by section 29 into those (1) who have elected to be bound by the act, and (2) those who have elected not to be bound; that except as permitted under the conditions stated in the second part of section 29, an employee, as to employers refusing to be under the act, is restricted in his right of action by section 6. If this is a proper construction of the act it follows that plaintiff has no right of action against defendants, except as saved to him by section 29 and under the conditions therein stated.

Defendants argue that for plaintiff to bring himself within this saving provision he should have alleged in his declaration and proven all the conditions therein named, and that the declaration fails in this respect by omitting to allege that the injury "was not proximately caused by the negligence of the employer or his employees." As noted above, the declaration does not allege the nonconcurrent negligence of plaintiff's employer, the city, or its employees. It has been held definitely in this State that an employee suing to recover must in his pleadings present all the allegations necessary to show a liability on the part of the party sued. In *Vose v. Central Illinois Public Service Co.,* 286 Ill. 519, the court specifically held as to one of the conditions named in the second part of section 29 that

it must be alleged in the declaration, the court saying: "If the recovery had been sought under the second clause of said section it would have been necessary to have averred that plaintiff in error had elected not to be bound by the act." To the same effect are *Reynolds v. Chicago City Ry. Co.,* 287 Ill. 124, and *Beveridge v. Illinois Fuel Co.,* 283 Ill. 31, 17 N. C. C. A. 463. This rule is restated concisely in *Davis v. St. Paul Coal Co.,* 286 Ill. 64, where the court quoted with approval from the *Beveridge* case, *supra*: "A declaration which fails to state a fact whose existence is necessary to entitle the plaintiff to recover does not state a cause of action. *Walters v. City of Ottawa,* 240 Ill. 259." In *Hartray v. Chicago Rys. Co.,* 290 Ill. 85, opinion handed down at the October, 1919, term of the Supreme Court, this rule was restated, the court saying: "In a statutory action like this, where the right is conditional, the plaintiff must bring himself clearly within the prescribed requirements necessary to confer the right of action." And at the same term of court, in *Bishop v. Chicago Rys. Co.,* 290 Ill. 194, the same rule was applied.

We do not read the *Gones* case, *supra,* as holding that section 29 is merely a condition to the employer's right to be subrogated. It may be this, but is also clearly more. The substance of the opinion in the *Gones* case is that under the conditions stated in the second part of section 29, an employee may maintain his common-law right of action; and in that case the pleadings had alleged all the statutory conditions, including an allegation that the injuries were not proximately caused by the negligence of the employers or their employees, which, as we have seen, is one of the conditions stated in the section.

We see no escape from the conclusion which logically follows from the above considerations that plaintiff failed to state in his declaration a cause of action,

and that the trial court was in error in denying defendants' motion in arrest of judgment.

There was evidence tending to show that the accident was caused by the negligence of plaintiff's employer, the city, acting through its foreman, but this was neutralized by instruction No. 5, at plaintiff's request, which told the jury that plaintiff could recover, the other necessary elements being proved, even if the negligence of plaintiff's employer contributed to the accident.

The record thus gives us this question: In view of the purpose of the Compensation Act and the definite language of section 6, has plaintiff a common-law right of action against defendants if the accident was caused by the concurrent negligence of plaintiff's employer? We hold that the answer must be in the negative.

We are further of the opinion that even if plaintiff could proceed in his common-law action, yet this judgment should be reversed and the cause remanded. It was prejudicial error for plaintiff to introduce in evidence the contract which appears as "Plaintiff's exhibit G." Apparently this is an agreement in writing between the plaintiff on the one hand and the City of Chicago, acting through its City Attorney, on the other. This contract is quite long. It recites the circumstances of the occurrence and the claim that plaintiff's injuries were not proximately caused by the negligence of the city but were caused by circumstances creating a legal liability on defendants; also that plaintiff had commenced his suit against defendants to recover damages, and the claim that the city would be, were it not for this contract, subrogated to the plaintiff's right to recover damages. The contract further purports to give the consent of the city to the plaintiff to bring the suit against the defendants and to recover damages, and the city assigned to him any claim against the companies which the city may have on account of subrogation. It contained also other provisions to the same

point. The effect of this was to show to the jury that the City of Chicago sanctioned the bringing of the suit, and that if there should be a judgment against the defendants and favorable to plaintiff it would be to the pecuniary advantage of the city. It needs no argument to convince that the opinions and interests of outside parties as to any litigation are wholly immaterial and incompetent. The rule is stated in 11 Am. & Eng. Encyc. of Law (2nd Ed.) 509:

"It is a general rule, of great antiquity, in the common law, that no litigant shall be affected by the words or acts of others with whom he is in no way connected; *res inter alios acta alteri nocere non debet.*"

The introduction of this contract was prejudicial error which would require a reversal of the judgment and remanding of the cause for a new trial.

However, we prefer to base our conclusion upon the grounds first hereinabove set forth. Any further action against the defendants is barred by the statute of limitations. The judgment will be reversed without remanding.

*Reversed.*