(87 South. 787)

## STEAGALL v. SLOSS-SHEFFIELD STEEL & IRON CO. (6 Div. 177.)

(Supreme Court of Alabama. Dec. 16, 1920.)

1. Statutes ⬥279—Workmen's Compensation Act need not be pleaded.

Courts take judicial knowledge of the Workmen's Compensation Act, which dispenses with the necessity of allegation thereof, so that the mere allegation of a state of facts making the statute applicable suffices.

2. Master and servant ⬥401—Complaint against employer must allege exception to Compensation Act.

Where a complaint for recovery of damages for death shows that the injuries resulting in the death arose out of decedent's employment with defendant, so as to be within the Workmen's Compensation Act, the complaint must allege facts which bring the employment within one of the exceptions to that act, to be valid.

3. Master and servant ⬥401—Complaint against employer must allege nonassent to Compensation Act.

Under Workmen's Compensation Act, § 11, making all contracts of employment presumably subject to the terms of that act unless one of the parties gives notice to the other of an intention not to be governed thereby, a complaint for injuries to an employee arising out of the employment, so as to be within the act, but which does not comply with the requirements of sections 21 and 28 for a complaint in cases of dispute as to compensation under the act, must allege nonassent to the act by either the employer or employee.

4. Statutes ⬥226—Legislature presumed to have adopted construction of similar statutes in other states.

Where the provisions of the Workmen's Compensation Acts of other states had been construed with practical unanimity, the Legislature is presumed to have enacted the Compensation Act containing similar provisions with the intention that it should receive the settled judicial construction given it by the other states, though the question had not been decided in the state from which the act was mainly taken.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by Sallie Steagall against the Sloss-Sheffield Steel & Iron Company for damages for the death of Alpha Steagall, deceased, while in the employ of the defendant corporation. Judgment for defendant and plaintiff appeals. Affirmed.

Mathews & Mathews, of Bessemer, for appellant.

Counsel cite cases formerly decided showing that counts 3 and 4 of the complaint were good. They insist further the Workmen's Compensation Act did not repeal the employers' liability statute, and that the defendant should specially plead that act as a defense, and in support thereof they cite 5 N. C. C. A. 401 (261 Ill. 454, 104 N. E. 211, Ann. Cas. 1915A, 241).

Tillman, Bradley & Morrow, and W. M. Rogers, all of Birmingham, for appellee.

The facts show that the case is within section 1 of the Workmen's Compensation Act, and the act itself provides that the rights and remedies thereunder are exclusive. 154 Wis. 652, 144 N. W. 188, L. R. A. 1916A, 220, Ann. Cas. 1915B, 847. Court takes judicial knowledge of the statute, and the mere allegation of a state of facts making it applicable is sufficient. 80 W. Va. 159, 92 S. E. 249. A party pleading the statute need not negative the exception. So a party seeking a cause of action outside of the act must allege facts bringing the defendant within the exception thereto. (Tex. Cr. R.) 195 S. W. 1153; 284 Ill. 267, 119 N. E. 920; 80 W. Va. 159, 92 S. E. 249; 274 Ill. 605, 113 N. E. 903. Under section 11, p. 209, Acts 1919, the presumption of law is that the contract of employment is subject to the provisions of the act, whether in existence on January 1, 1920, or made subsequent to that date and prior to the accident. 154 Wis. 652, 144 N. W. 188, L. R. A. 1916A, 221, Ann. Cas. 1915B, 847; 283 Ill. 31, 119 N. E. 46. It is also presumed that the parties are acting under the elective section of the act, unless it is shown that they have elected to operate under the first section with respect to contracts to hire made after the act became effective. 83 N. J. Law, 398, 85 Atl. 451; 86 N. J. Law, 436, 92 Atl. 85, 94 Atl. 85; 126 Minn. 286, 148 N. W. 71, L. R. A. 1916D, 412; 93 Kan. 405, 144 Pac. 241; 286 Ill. 64, 121 N. E. 181. The plaintiff must allege and prove that his employer is not under the Workmen's Compensation Act.

211 Ill. App. 32; 91 Conn. 158, 99 Atl. 507; L. R. A. 1917D, 92; 154 Wis. 652, 144 N. W. 188, L. R. A. 1916A, 220, Ann. Cas. 1915B, 847. The statute is remedial, and entitled to a broad and liberal construction. 185 Iowa, 1346, 172 N. W. 191; 33 Ala. 674.

ANDERSON, C. J. This was an action brought by the administratrix of a deceased employee against his employer seeking to recover damages for the death of the decedent under ·our Employee's Act (section 3910 of the Code of 1907); the death having occurred in March, 1920, after the Workmen's Compensation Act of 1919, p. 209, became effective on, to wit, January 1, 1920. The trial court sustained the defendant's demurrer to the complaint and the plaintiff appeals, and the sole question to be determined is whether or not the plaintiff should, by averment in her complaint, show that the Workmen's Compensation Act did not apply, by averring facts showing that the deceased was not within the influence of same because belonging to one of the classes excepted therefrom, or whether or not the Workmen's Compensation Act should be invoked by the defendant as defensive matter by an appropriate plea.

An examination of the complaint shows that it states facts bringing it within section 1 of the act of the Legislature of Alabama approved August 23, 1919, known as the Workmen's· Compensation Act. This section provides as follows:

"1. *Circumstances under Which Compensation Becomes Due; Defenses; Willful Negligence.*— When personal injury or death is caused to an employee by an accident arising out of and in the course of his employment, of which injury the actual or lawfully imputed negligence of the employer is the natural and proximate cause, he, or, in case of death, his personal representative, for the exclusive benefits of the surviving spouse and next of kin, shall receive compensation by way of damages therefor from the employer, provided the injury or death was not caused by the willful misconduct of the employee or was not due to misconduct on his part as hereinafter in section 9 hereof defined."

Section 38 of this same act provides that it shall take effect from and after the 1st day of January, 1920.

It will be readily seen that this paragraph relates to all injuries resulting from and accidents sustained by an employee arising out of and in the course of his employment.

The act, in such cases, provides two remedies; one under part 1 provides for compensation by action at law, and defines the' parties who can bring such action, the cases in which it can be brought, and the defenses which may be made thereto by the employer; part 2 provides for elective compensation, and an employer who has elected to come under part 2 is not liable for an ac-

tion brought under part 1. The two remedies provided by this act are exclusive in all cases covered by the act.

The rights and remedies therein granted exclude all other rights and remedies.

"10½. *Excluding other Remedies.*—The rights and remedies herein granted to an employee shall exclude all other rights and remedies of said employee, his personal representative, parent, dependents or next of kin, at common law, by statute or otherwise on account of said injury, loss of services or death; and except as herein provided in part (1) and part (2) (as the case may be) of this act, no employer included within the terms of this act shall be held civilly liable for any personal injury to or death of any workman due to accident while engaged in the service or business of the employer, the cause of which accident originates in the employment; but nothing in this section shall be construed to relieve any employer from criminal prosecution for failure or neglect to perform any duty imposed by law." Acts 1919, p. 209.

See, also, Penn's Adm'r v. Bates & Rogers Construction Co., 183 Ky. 529, 209 S. W. 513, L. R. A. 1916A, 220.

[1] The courts will take judicial knowledge of the statute, which dispenses with necessity of allegation thereof, and the mere allegation of a state of facts making it applicable suffices. Louis v. Smith-McCormick Construction Co., 80 W. Va. 159, 92 S. E. 249.

[2] The act provides, by way of exception, that it shall not apply (1) to any common carrier (doing interstate business) while engaged in interstate commerce, or to domestic servants, farm laborers, or persons whose employment at the time of the injury is casual and is not in the usual course of the trade, business, profession, or occupation of the employer; (2) or to any employer who regularly employs less than 16 employees in any one business; (3) or to any county, city, town, village, or school district. Section 8, Acts of 1919, p. 208.

As to the first and third exceptions, the facts alleged in the complaint negative any inference that the defendant belongs to one of these excepted classes, as it is alleged therein that it is a corporation, and was engaged in mining ore in Jefferson county, Ala., at the time.

In Dunaway v. Austin Street R. Co. (Tex. Civ. App.) 195 S. W. 1157, it was held that it was not incumbent upon the complainant to plead that the employer was in the excepted class; that it was an affirmative defense to be alleged by the employer.

In Illinois Central R. Co. v. Industrial Board, 284 Ill. 267, 119 N. E. 920, where the employer was engaged both in interstate and intrastate commerce, it was held that it was incumbent upon it to show the fact that the work being done at the time of the injury was in interstate commerce.

[3] The plaintiff having failed to allege any fact bringing the defendant within one of the excepted classes, the facts stated make out a cause of action exclusively within the provisions of the Workmen's Compensation Act. The act itself provides two remedies: First, an action at law under part one; second, a claim for compensation under part 2.

"All contracts of employment made after the taking effect of this act shall be presumed to have been made with reference to, and subject to, the provisions of part 2, unless otherwise expressly stated in the contract, in writing, or unless written or printed notice has been given by either party to the other, as hereinafter provided, that he does not accept the provisions of part 2. Every employer and every employee is presumed to have accepted and come under part 2 hereof, unless 30 days prior to accident he shall have signified his election not to accept or be bound by the provisions of part 2, but for an accident occurring within the first 30 days after employment notice not to accept given at the time of employment shall be sufficient, and in such event, unless such notice has been given at the time of employment, the acceptance and coming under part 2 hereof is conclusively presumed. The notice of election not to accept part 2 shall be given as follows: Any employer and any employee who are parties to a contract of service or employment existing at the time this act goes into effect is conclusively presumed to have accepted and come 'under part 2 hereof and said contract of service or employment shall be conclusively presumed to continue under the provisions of part 2 of this act from and after the day it goes into effect unless otherwise expressly stated in writing in the contract of employment or unless at least 30 days prior to the time this act goes into effect written or printed notice have been given by either party to the other as hereinafter provided that he does not accept the provisions of part 2." Acts 1919, § 11; p. 209.

It is therefore a presumption of law that the contract of employment is subject to the provisions of the act, whether in existence on January 1, 1920, or made subsequent to that date and prior to the accident.

The general rule with reference to statutes in other states is stated as follows in L. R. A. 1916A, 221:

"Under some of the acts, the employer and employee are subject to the terms of the act unless they take affirmative action to show their intention not to be bound thereby. In the absence of any evidence to the contrary it will be presumed that the parties have accepted the terms of the act. In order to sustain a judgment for the plaintiff in a common-law action * * * it must be pleaded and proved that the parties were not under the provisions of the act."

In Beveridge v. Illinois Fuel Co., 283 Ill. 31, 119 N. E. 46, it was said that it would be conclusively presumed that an employer comes under the act, and it is unnecessary to allege a fact which the law presumes to exist.

It has also been settled in other jurisdictions having similar provisions in their compensation statutes that it is presumed that the parties are acting under the second or elective section of the act, unless it is shown that they have elected to operate under the first section, with respect to contracts of hiring made after the act became effective. Sexton v. Newark District Telephone Co., 84 N. J. Law, 85, 86 Atl. 451; American Radiator Co. v. Rogge, 86 N. J. Law, 436, 92 Atl. 85, 94 Atl. 85; Mathison v. Minneapolis Street Ry. Co., 126 Minn. 286, 148 N. W. 71, L. R. A. 1916D, 412.

In Gorrell v. Battelle, 93 Kan. 370, 144 Pac. 244, it was held that an election to remain outside of the statute was an affirmative defense to be made by the defendant in an action for compensation under part 2 of the Compensation Act.

The above cases, read in connection with the statutes in each state, and in comparison with the Alabama statute, show conclusively that the facts alleged in the complainant's complaint are sufficient to bring the complaint within the provisions of the Workmen's Compensation Act, and under the presumption of law contained in the act, unless it is alleged otherwise, under the provisions of part 2 of the act.

Sections 21 and 28 of the act provide for the filing of a verified complaint in cases of dispute as to compensation under part 2, and section 28 specifies in detail what facts must be set out therein. Acts 1919, p. 227. The plaintiff's complaint in this case does not conform in any manner to the provisions of section 28, but, on the contrary, the averments thereof negative any inference that it states or intends to state a cause of action under the provisions of part 2 of the act. For other authorities on this question, see Davis v. St. Paul Co., 286 Ill. 64, 121 N. E. 181; Reynolds v. Chicago City R. R. Co., 287 Ill. 124, 122 N. E. 371; Balen v. Colfax Consol. Coal Co., 183 Iowa, 1198, 168 N. W. 246; Shade v. Ashgrove Lime Co., 92 Kan. 146, 139 Pac. 1198; Gregutis v. Waclark Wire Works, 86 N. J. Law, 610, 92 Atl. 355; 8A Key-No. Series, par. 401, under the title "Master and Servant."

[4] While our Workmen's Compensation Act was borrowed largely from Minnesota, and we find no case from that state on this identical question, yet the states above noted had provision similar to ours and which had been so construed with practical unanimity before our act was adopted, and our Legislature must have enacted our Compensation Law with the intention that it should receive the well-settled judicial construction as given it by other states.

The only case cited and relied upon by

counsel for appellant is Deibeikis v. Link-Belt Co., 261 Ill. 454, 104 N. E. 211, Ann. Cas. 1915A, 241. This identical question was not involved, as there was no demurrer to the complaint and the defendant assumed the burden of setting up the Workmen's Compensation Act by a special plea, and the court did not hold that the matter did not have to be averred in the complaint or was defensive matter.

We therefore hold that when a suit is brought by an employee against the employer for injuries arising since our Workmen's Compensation Law became effective, the complaint should conform to said law, else set up a state of facts showing the inapplicability of same and bringing it within the influence of the law. upon which the complaint is grounded and upon which reliance is had for a recovery.

The trial court did not err in sustaining the defendant's demurrer to the complaint, and the judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SOMERVI. ,LE, and THOMAS, JJ., concur.